IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1838, IN THE TWENTY-
THIRD YEAR OF THE STATE.

---

## PARKER v. MORTON.

A bill in chancery filed to enjoin a judgment at law, on account of fraud in
the contract on which the suit was founded, must state that the objec-
tion to the contract was not made at law, and must show that the
omission to make the defence at law did not arise from any neglect of the
complainant.

ERROR to the *Floyd* Circuit Court.

*Monday,
November* 19.

SULLIVAN, J.—The bill in this case was filed to enjoin the
collection of 350 dollars, part of a judgment at law ob-
tained by the defendant against the complainant in the *Floyd*
Circuit Court. The bill states that the complainant purchas-
ed from the defendant a steam-engine of five horse power,
intended for the purpose of propelling the machinery of an
oil mill, for which the complainant agreed to pay the defen-
dant 550 dollars; that at the time of contracting, the defen-
dant fraudulently and deceitfully represented and promised
to the complainant, that said engine was of good, new, and
substantial materials, free from defect, and that the same was
sufficient and would answer the purpose for which it was
intended; that the defendant represented himself to be a

VOL. V.—1

Nov. Term,
1838.

PARKER
v.
MORTON.

person well skilled in the art of constructing steam machinery, and the complainant being wholly unacquainted with it, was induced by the plausible but false representations of the defendant to contract for said engine; that he thereupon paid him 170 dollars, and executed to the defendant his note for 380 dollars payable in 20 days. The bill then charges that the engine was defective, constructed of insufficient materials, and liable to break, and did immediately when it was put in operation, and frequently afterwards, break in several of its parts, so that by delays in business, money expended in repairs, &c., the complainant has been damaged 350 dollars, &c. The bill further states, that *Morton* had commenced a suit on the note given for the balance of the purchase-money, and had obtained a judgment at law.

The complainant prays that *Morton* may be perpetually enjoined from collecting 350 dollars, part of said judgment.

The defendant answered the bill. He admitted the sale of the engine, but denied that he in any manner warranted it to be sufficient for the purpose for which it was designed, denied that it was constructed of insufficient materials, and averred that it was made of sound and new materials and in a workmanlike manner, &c.

Two witnesses were sworn by the complainant, both of whom prove that the engine was defective; but there was no testimony offered in support of the charge of fraud.

The Circuit Court dismissed the bill for want of equity.

The fraud set up in the complainant's bill might have been used as a defence against the note in the suit at law. Whether it was set up and discussed there, or whether the complainant neglected to defend himself at law, is not shown to us. In either case, however, the decree of the Circuit Court must be affirmed.

If the defence was set up at law and fully and fairly tried there, it being a matter of which the Court of law had complete jurisdiction, a Court of equity will not interfere with the judgment of that Court, although the chancellor may be of opinion that the defence ought to have been sustained at law. *Marine Ins. Co. of Alexandria* v. *Hodgson*, 7 Cranch, 332. It is a principle in our jurisprudence, that a question once considered and decided by a competent tribunal, shall not be reviewed by any other tribunal having concurrent

power. It must be done in the regular course of error or appeal. There may be and undoubtedly are exceptions to this general rule, but they are of rare. occurrence, and we perceive nothing in the facts of this case to bring it within the exception. So, where a party is not prevented by fraud or accident, without any fault on his part, from defending himself at law, and neglects to do so, equity will not relieve. In *Lansing* v. *Eddy*, 1 Johns. C. R. 51, the chancellor says, "the general rule is, that this Court will not relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant below was ignorant of the fact in question pending the suit, or it could not have been received as a defence. If a party will suffer judgment to pass against him by neglect, he cannot have relief here for a matter which he might have availed himself of at law." To the same effect are the cases of *Simpson* v. *Hart*, 1 Johns. C. R. 91, and *Williams* v. *Lee*, 3 Atk. 223. Numerous other authorities might also be cited, but it is deemed unnecessary to do so as the principle is a familiar one (1).

The judgment against which the complainant seeks relief was rendered in 1832, nearly two years after the note was given; and it does not appear but that he was as well acquainted with the insufficiency of the engine at that time as he is now.

It is not necessary to notice the testimony in the case. The want of equity in the bill was sufficient cause for dismissing it.

*Per Curiam.*—The decree is affirmed with costs.

*H. P. Thornton*, for the plaintiff.

*J. Morrison*, for the defendant.

(1) Acc. *Norton* v. *Woods*, 5 Paige, 249.—*Eyre* v. *Everett*, 2 Russ. 381.