## ELLIOTT v. ADAMS.

If a judgment at law be rendered on an award after a rule to show cause, &c., a bill in chancery to set aside the judgment and award will not lie on the ground of fraud in obtaining the award, if the party, by due diligence, might have availed himself of the objection in answer to the rule ; nor will it lie on the ground of newly discovered evidence, if, by proper diligence, the evidence might have been produced before the arbitrators.

*Quære* as to the jurisdiction of a Court of chancery over awards made pursuant to the statute, &c.

ERROR to the *Dearborn* Circuit Court.

PERKINS, J.—Bill in chancery to set aside awards and judgments thereon in the Circuit Court. Demurrer to the bill; demurrer overruled; answer and replication filed. Cause submitted on bill, answer, and proofs, and the bill dismissed.

The complainant states that at the spring term, 1837, mutual actions were pending in the *Dearborn* Circuit Court between the complainant and respondent to this bill; that by agreement, both causes were referred to the award and determination of *Stephen Ludlow*, *John P. Dunn*, and *William Yate*, whose awards, severally made in the two cases, were to be returned in writing to the next term of said *Dearborn* Circuit Court, of which Court the submission was made a rule; that on the 16th of *September* following the arbitrators met, and heard and determined both cases, the complainant and respondent being present with their witnesses; that awards were made against the complainant in both suits;

*Tuesday, June 23.*

May Term, 1846.

Elliott
v.
Adams.

that in the Circuit Court he showed cause, in answer to the rules taken separately in the two cases, against the awards being made the judgments of the Court; but that the cause in each case was deemed insufficient, and judgments were rendered accordingly.

The bill sets up two grounds for relief. 1. That the awards were obtained by fraud. 2. Newly discovered evidence.

It is doubted whether a party can resort to chancery to set aside an award made pursuant to the statute authorizing the submission to arbitrators to be made a rule of Court. See 2 Story's Eq., Award. But without deciding that point, we are clear in this case that on the first ground on which relief is prayed, the complainant is too late in his appeal to equity. The bill shows that the question has been heard and determined in a Court of law, and discloses no facts pertaining to the question of fraud of which the complainant might not, by due diligence, have availed himself on the trial in that Court. The jurisdiction in the case for granting relief was as extensive on the law side of the Court, as is that of a Court of equity on the same subject. Under such circumstances, no principle is better settled than that equity will not interfere with a judgment at law. 5 Blackf. 1.

Upon the second ground on which relief is asked, that of newly discovered evidence, our decision must be governed by the settled rules regulating the granting of new trials; the award of the arbitrators being considered as taking the place of the verdict of a jury. The record does not show that, by proper diligence, the alleged newly discovered evidence might not have been produced before the arbitrators, but the contrary; and it shows that *Saltmarsh*, the principal witness relied on to prove new facts, aside from the impeachment of the general character of a witness, was present at the hearing before the arbitrators, by the procurement of the complainant in this bill, was then possessed of all the facts in regard to the case now within his knowledge, and was known by the complainant to be so; and that his examination was there waived. As to the impeachment of the witness, new trials are not granted for that purpose. 6 Blackf. 496.

The case is not brought within any rule authorizing the

granting of a new trial, and we see no ground upon which the bill can be sustained.

*Per Curiam.*—The decree is affirmed with costs.

*A. Lane*, for the plaintiff.

*D. S. Major*, for the defendant.