JARBOE *v.* KEPLER.

A party who has been sued upon his notes, and trusting to the assurances of the plaintiff that payments made thereon had been properly credited, has suffered judgment to pass for the full amount, without examining the notes, is not in a condition to obtain relief in chancery.

APPEAL from the *Wayne* Circuit Court.

STUART, J.—It appears that *Kepler* had recovered a judgment at law against *Jarboe*, and that there had been a return of *nulla bona*. The notes which were the foundation of the recovery at law, had been given in the purchase of certain lands. The bill now before us seeks to subject the equity of *Jarboe* in these lands to execution.

In his answer, *Jarboe* claims that the recovery at law is for more than was due; that certain payments had been made by him which were not credited; that trusting to the assurances of *Kepler* that the credits were all properly given, he suffered the judgment to pass without examin-

May Term, 1853.

JARBOE *v.* KEPLER.

Tuesday, May 31.

May Term,
1853.

KINGSBURY
v.
VANCE.

ing the notes.   The credit claimed by *Jarboe*, is 24 dollars and 33 cents.   The Court sustained the exception taken to this part of the answer.   Decree in favor of *Kepler* for 1,046 dollars and 98 cents, &c.

We are of opinion that *Jarboe* is not entitled to the relief sought, even if the mode in which he presents his case is waived.   His defence was properly at law.   He had his day in Court.   If he neglected to examine the notes and avail himself of all proper credits, when he had an opportunity to do so, he is not in a position to seek relief in chancery.   *Parker* v. *Morton*, 5 Blackf. 1, and the authorities there cited.   Nor does *Jarboe* bring himself within any of the exceptions to this rule.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Julian*, for the appellant.

*J. S. Newman* and *J. P. Siddall*, for the appellee.