## Hardy v. Stone and Others.

PROMISSORY NOTE—CONDITIONS—WAIVER.—*A* made his note payable to a railroad company, "when their road shall have been constructed, and a train passed over it, from *Logansport* to the state line; provided the same shall have been done by *January* 1, 1860, and said company shall build a switch on a strip of land given them by *A.*" The note was assigned by delivery, and suit brought on the same by the assignee, in *September*, 1860. The complaint alleged complete performance of the conditions mentioned in the note. The railroad company answered, admitting the assignment, and disclaiming any interest in the note. The record then shows a trial, and finding, and judgment for plaintiff for $1,043 and costs. Immediately following, and part of the same order, appears an agreement between *A* and the railroad company, to the effect that the consideration of the note was the agreement by the company to build the switch; that it is not completed; that the company shall diligently proceed to finish it, and it shall be permanent. The court then, by agreement of parties, proceeded to render a judgment against the company, for the specific performance of this agreement, reserving to the court the power to change or suspend it, in case the judgment against *A* should not be collected on account of his insolvency. *A* commenced his present suit in *February*, 1862, showing that the company has failed to perform her agreement, and become insolvent, and that execution on the judgment against him was about to be levied on his property, and sought an injunction to restrain the collection thereof.

*Held*, that a demurrer to the complaint was properly sustained.

APPEAL from the *White* Circuit Court.

FRAZER, J.—The appellant executed his note to a railroad company for $1,000, payable "when their road shall have been constructed, and a train passed over it, from

*Logansport* to the state line; provided the same shall be done by the 1st of *January*, 1860, and said company build a switch on a strip of land given them by *Hardy* through section 30, township 27, range 25 west, as a right of way," etc. The note was assigned by delivery to the appellees, who, in *September*, 1860, sued *Hardy* upon the note, alleging in their complaint the complete performance of the conditions mentioned in it, and making the railroad company a party to answer as to the assignment. The railroad company answered, admitting the assignment, and disclaiming any interest in the note. *Hardy* put in a general denial, and upon the issues thus made the record shows a regular trial, a finding for the plaintiffs, and a judgment in their favor against *Hardy* for $1,043 and costs. Immediately following the entry of judgment, and a part of the same order, appears an agreement between *Hardy* and the railroad company, to the effect that the consideration of the note was an agreement by the company to build the switch; that the switch is not fully completed; that the company shall diligently proceed to finish it; that it shall be permanent, and shall not be removed; and that this agreement shall be made a matter of decree, etc. Then follows a decree of the court against the railroad company for the specific performance of the agreement, reserving to the court the power to change or suspend it, in case the judgment in favor of the plaintiffs in that suit can not be collected by reason of *Hardy's* insolvency. In *February*, 1862, *Hardy* commenced the present suit, showing by his complaint the foregoing facts, and that an execution had been issued upon the judgment, which was about to be levied, etc.; that the railroad company had failed to build the switch; that the agreement to do so was the sole consideration of the note; that the company had, against his protest, removed that part of it which was constructed when the judgment was rendered, and had now become insolvent, and incapable of rebuilding the same. To this complaint, the plaintiffs in the judg-

ment, the railroad company and the sheriff, were made defendants, and upon it an injunction was sought to restrain the collection of the judgment until the railroad company should perform as decreed in the former decree. A demurrer by the plaintiffs to the judgment was sustained to the complaint, and final judgment rendered in their favor.

The only question presented is, Did the court below err in sustaining the demurrer?

The appellant had his day in court, had an undoubted defense to the suit on the note, failed to make it, and now shows no excuse for that failure, unless we may infer that he expressly waived it, preferring the decree against the railroad company to compel the construction of the switch; he took the latter by agreement with the railroad company alone, the plaintiffs in the judgment not being parties to it, as the record shows. If there is any question in the law thoroughly well settled, we think it is that, under such circumstances, there is no remedy left to the judgment defendant against the plaintiff by injunction, nor indeed otherwise. To allow it would be to hold that a judgment settles nothing between the parties, and that the courts, instead of enforcing contracts made by competent parties, shall disregard them entirely, and substitute others never contemplated by the parties, and into which perhaps they never would have entered voluntarily.

In the state of the issues in the suit against *Hardy,* no judgment could possibly have been obtained against him without proof that the conditions had been fully performed, or a waiver of such proof by him. In either event, in the absence of fraud, accident, or mistake, the question was forever settled by the judgment in that case. *Dickerson* v. *Commissioners,* etc., 6 Ind. 129 ; *Jarboe* v. *Kepler,* 4 Ind. 177 ; *Parker* v. *Morton,* 5 Blackf. 1.

It is alleged in the complaint that the agreement entered of record, when the judgment was taken, was made "between the parties." The record is made a part of the

complaint, and it shows that "the parties" to it were *Hardy* and the railroad company only; and by all the rules of construction applicable to a pleading, we must understand that nothing more is intended to be averred. Now, though that argreement was made when the judgment was taken, yet we can not hold the plaintiffs in the judgment in any respect bound by it, any more than if it had been made elsewhere, or at a different time, without their knowledge. They are not parties to it; it does not purport on its face to bind them or affect their rights; the judgment is not made to depend in any respect upon its performance, and we have no authority to make a new agreement for the parties, however probable it may seem to us that *Hardy* may not have protected his interests as he should. If he chose to rely unduly upon the responsibility of the railroad company, and waive his defense to the suit in consideration of the company's agreement, and a decree against it, we have no authority under the law to undo what he has voluntarily done, and place him in the position which he occupied beforehand.

Judgment affirmed, with costs.

*D. Turpie* and *J. B. Belford,* for appellant.
*D. D. Pratt* and *D. P. Baldwin,* for appellee.