THE NEW ENGLAND MUTUAL LIFE INSURANCE CO. *v.* HAS-BROOK's Administratrix.

LIFE INSURANCE.—*Policy.*— *Construction of.*—*Forfeiture.*—A foreign life insurance company, through its local agent in this State, issued a policy on the life of A., which stated, that "in consideration of" a certain sum "to them paid by" A., "of," &c., "being the assured in this policy, and of a like sum to be paid to them by said assured on or before the 12th of March in every year during the continuance of this policy," the company insured the life of A. in a certain amount for the term of his life; that "in case of the forfeiture of this policy, the insured shall not be entitled to any return of premium or share of the surplus funds;" that "in case any premium on this policy shall not be paid at the date when payable, the policy shall thereupon become forfeited and void;" that "this policy and any sums that shall become due thereon from said company are pledged and hypothecated to said company, and they have a lien thereon to secure the payment of any premium on which credit may be given, and of any note or security therefor; but this pledge and hypothecation shall in no respect affect the provisions respecting the forfeiture of this policy." Said agent, for the first year's premium, took from A. goods to the amount of one-fourth thereof, a note for the same amount, due in six months, and a note for the remaining half, due in five years, both notes payable to the company and bearing interest from date, the interest on the latter payable annually. The latter note provided that it was embraced in said condition of forfeiture, but the former note did not contain such a provision. The agent remitted to the company the amount paid by A., less his per cent. as agent, together with said notes. The six months' note was returned to the agent before it became due, for collection, and was not paid at maturity. The policy was dated March 12th, and A. died in October of the same year. Suit by the administrator of A.'s estate upon the policy. The company's charter was not set out in the pleadings or given in evidence. Two rules of the company were set out and proved, as follows:

"Rule 9. A tariff of premiums shall be fixed by the directors, below which no risk shall be taken; but the president shall, in doubtful cases, consult the committee of finance, or any two of the directors, on any advance for particular risks. The premiums shall be paid, in conformity to the rules of the company, before the policy is issued, and the president and secretary shall each be liable for the amount of premium on policies delivered at the office of the company.

"Rule 10. A part of any annual premium may be taken in one or more promissory notes on interest, secured by the condition in the policy; but every such note shall be made payable, before or at the beginning of the period of the risk for which the note is given, so that the company shall not run the risk for any time for which the premium shall not have been actually paid."

Rule ten was not a part of the contract, but A. had notice of it.

*Held*, that the six months' note was not within the condition of forfeiture in the policy.

*Held*, also, that the plaintiff was entitled to recover the amount of the policy, less the amount of said two notes.

APPEAL from the Vanderburgh Circuit Court.

GREGORY, J.—This action was brought upon a policy of insurance, issued by the appellant through its local agent at Evansville, in this State, on the life of Israel G. Hasbrook. The policy stated, that, "in consideration of the premium of three hundred and sixty-three dollars and fifty cents to them paid by I. G. Hasbrook, of," &c., "being the assured in this policy, and of a like sum to be paid to them by said assured on or before the 12th day of March in every year during the continuance of this policy," the company insured the life of Hasbrook in the amount of five thousand dollars for the term of his life. The policy is dated the 12th of March, 1866. Hasbrook died on the 27th of October, 1866.

There are these conditions in the policy: "In case of the forfeiture of this policy, the insured shall not be entitled to any return of premium or share of the surplus funds." "In case any premium on this policy shall not be paid at the day when payable, the policy shall thereupon become forfeited and void." "This policy and any sums that shall become due thereon from said company are pledged and hypothecated to said company, and they have a lien there-

on, to secure the payment of any premium on which credit may be given, and of any note or security therefor; but this pledge and hypothecation shall in no respect affect the provisions respecting the forfeiture of this policy."

It appears from the evidence that the local agent of the company, at Evansville, made an arrangement with the assured, by which the former took of the latter goods to the amount of $90.87½, and Hasbrook executed his two notes, one for $90.87½, due in six months, the other for $181.75, due in five years, with interest from the date of each, payable to the company, the interest on the latter payable annually, for the first year's premium. At the end of the month, the agent remitted to the company the amount paid by Hasbrook, less the per cent. allowed by the company to its local agents, together with the notes. The six months'. note was returned to the agent for collection, before it became due. It was not paid at maturity. There was evidence tending to show that Hasbrook made an arrangement with the local agent by which the latter agreed to become liable to the company for the money and to give the former time. There is a provision in the five years' note, that it is embraced in the condition of forfeiture contained in the policy, but there is no such provision in the six months' note.

By the policy, the first year's premium is treated as paid. It is very clear that, aside from the two notes, the condition of forfeiture, by its terms, applies only to the premiums to be paid on the 12th of March in every year during the continuance of the policy. It is true, that it may be shown. that the first year's premium was not paid, although it contradicts the receipt contained in the face of the policy; but in giving a construction to a contract the intention of the parties as expressed therein must govern. The rule of law, that all the writings executed by the parties at the time form a part of the contract, is recognized. The policy and the notes must be taken as one contract and construed ac-

cordingly. Does the six months' note change the contract as expressed on the face of the policy? It is not the duty of the court to extend the operation of this condition of forfeiture beyond what was in the contemplation of the parties at the time the contract was made. It was thought necessary to specify in one of the notes, that it was embraced in the condition, but this was omitted in the other. But the mere giving of a promissory note could not change the terms of the contract of forfeiture as expressed on the face of the policy. If such had been the intention of the parties, it should have been expressed either in the policy itself or in the note.

The charter of the company was not set out in the pleadings, nor was it put in evidence.

When foreign corporations assume to do business of a particular kind in this State, the courts here will presume that they act under a general, and not a limited, authority.

Two rules of the company are set out in the pleadings and given in evidence, under which it is claimed that the policy could have no force beyond the first six months of its existence. These rules are as follows:

"Rule 9. A tariff of premiums shall be fixed by the directors, below which no risk shall be taken; but the president shall, in doubtful cases, consult the committee of finance, or any two of the directors, on any advance for particular risks. The premiums shall be paid, in conformity to the rules of the company, before the policy is issued, and the president and secretary shall each be liable for the amount of premium on policies delivered at the office of the company.

"Rule 10. A part of any annual premium may be taken in one or more promissory notes on interest, secured by the condition in the policy; but every such note shall be made payable before or at the beginning of the period of the risk for which the note is given, so that the company shall not run the risk for any time for which the premium shall not have been actually paid."

In the case in judgment, the policy was issued on the payment of one-fourth of the first annual premium, or for a period of three months, whilst a credit of six months was given for the next payment. It is not averred that rule ten formed any part of the contract, but notice thereof is averred, and, as a conclusion of law, that the non-payment rendered the obligation inoperative, in which we do not concur.

Rule nine goes to the power to make the contract. If there is nothing in the charter to prevent, it is competent for the company to make a contract in violation of its own rules.

· Under the view we have taken, the first, second, and third paragraphs of the answer are bad, and there was no error in overruling the demurrer to the replies thereto.

The company was allowed a set-off for the two notes.

The appellee was allowed to prove on the trial, over the objection of the appellant, that the assured a short time before his death was in the possession of the policy, and that he explained it to his wife. There was no error in this. It was competent to show the possession of the policy, and what was said by the assured to his wife could have no influence in the determination of the issues before the jury. It did not harm the defendant.

Judgment affirmed, with costs.

*J. S. Buchanan, A. P. Hodges,* and *A. Iglehart,* for appellant.

*J. G. Jones, C. Denby,* and *J. M. Shackelford,* for appellee.