BEHLER. ADM'X, v. THE GERMAN MUTUAL FIRE INS. CO.

INSURANCE.—*Premium Note.*—*Delivery of Policy.*—*Condition Precedent or Warranty.*— *Waiver.*—Where a mutual fire insurance company executes and delivers a policy to the insured, before the delivery to the company of the premium note of the insured, such company waives the condition precedent, or warranty, requiring the delivery of such premium note before the policy will take effect, and can not plead the failure of the insured to so deliver such note as a defence against the policy.

SAME.—*Change of Use of Building.*—*Illegal Use.*—Where there is nothing in a policy issued by a mutual insurance company prohibiting the insured from changing the business conducted in the building insured, and only a provision in a by-law of the company that buildings occupied for illegal purposes are not allowed to be insured, and a further provision that "If buildings previously insured are appropriated to such uses during the time of insurance, the agent must either insist upon the removal of the danger or cancellation of the policy," the mere fact that such building has been changed from use as a hotel to a house of prostitution, where intoxicating liquors are illegally sold, will not avoid the policy, the agent of the company not having performed his duty in the premises. The insurer can not avoid a policy on account of the illegal or immoral conduct of the insured. when such conduct in no way affects the legal right of the insurer. Nor will the negligence, carelessness or misconduct of the insured, in reference to the building, unless coupled with the intention of destroying the building by fire, avoid the obligation of the insurer upon the policy.

SAME.—*Double Insurance.*—*Agency.*—Under a by-law of a mutual insurance company, declaring, that "should any one have insured property in this and another company, then the policy of this company shall be void, except such double insurance is with the knowledge and consent of the directors, and is endorsed on the policy of insurance," the agent of such company has no authority to consent to a second policy and thereby bind the company, and his neglect to endorse it upon the first policy will not excuse the insured.

SAME.—*Foreign Corporations.*—*Abatement of Action.*—In such case the fact that the second policy was issued by a company which had not, at the time, complied with the statute authorizing it to do business in this State, 1 R. S. 1876, p. 594, does not make such second policy void, but, when pleaded, simply suspends the right of action until the company has complied with the statute, and, therefore, such second policy being valid, the insured is brought within the prohibition against double insurance contained in the by-law of the company issuing the first policy.

From the Elkhart Circuit Court.

*R. M. Johnson*, *J. D. Osborne* and *E. G. Herr*, for appellant.

*N. B. Taylor*, *F. Rand* and *E. Taylor*, for appellee.

BIDDLE, J.—Suit brought by Peter Behler, now deceased, of whose estate the present appellant is the administratrix, against the appellee, on a policy of insurance against fire.

The third paragraph of the defendant's answer is in the following words:

"And said defendant, for a further answer, says that it is a corporation conducted under that part of the statute of the State of Indiana providing for the incorporation of insurance companies, approved June 17th, 1852, and was incorporated as, and ever since has been, a mutual fire insurance company, and one of the provisions of the law is, that the party to be insured shall execute a premium note, and, when the note is executed and the policy issued to him, he thereby becomes a member of said company. It is also provided in the articles of association, which are attached to and form a part of the policy sued on, as follows: ' Every one becoming a member of this company by insuring therein, must deposit his premium note for an amount to be fixed by the directors before he receives his policy. Not less than five per cent. of this note must be paid at once to defray the current expenses, and the balance of the note deposited shall be payable either in whole or in part at any time when the directors deem it necessary for the payment of losses and expenses.' And defendant fur-

ther says that, amongst the by-laws of defendant, which are in the German language, which are a part of the policy sued on, and attached thereto, is article or section eight (8), which, when translated, reads as follows :

" ' Sec. 8. Every policy becomes valid at 12 o'clock at noon of the day of its date, provided that the insurer has executed his premium note, and made the first payment thereon.'

" And this defendant avers that, by the written items of the said policy of insurance contained upon the face thereof, it was stipulated that said policy was issued in consideration of a premium note of one hundred and eighty dollars, which the plaintiff promised to execute. And defendant further says that said plaintiff never executed any premium note as required by the law, and by the policy, articles of association and by-laws of said company, all of which are in the German language; that he was required by the directors, and by the laws, policy, articles of association and by-laws of the company to execute a premium note for one hundred and eighty ($180) dollars, but said plaintiff never executed a premium note for that or any other amount, and defendant makes a true copy, truly translated, of the policy sued on, also the articles of association and by-laws of the said company truly translated, and has attached and made part of said translation policy a part hereof; and defendant says that said policy sued on was never in force and effect, and was and is null and void."

The ninth paragraph of answer is in the following words :

" 9. The defendant, for a further answer to the plaintiff's complaint in this behalf, says, that, at the time of the issuing and delivery of said policy of insurance mentioned in plaintiff's complaint, the said plaintiff represented and warranted that the building, upon which said in-

surance was written, was used for a hotel, and for no other purpose; that, after said policy was written, and before and at the time the said building was destroyed, the said house was suffered to become a public nuisance, by being openly and notoriously used for a house of prostitution; that numerous lewd persons were accustomed to, and permitted to congregate at and remain in said house, and, whilst so in said house, were permitted by this plaintiff and his tenants to use the rooms therein as places of prostitution; that the said plaintiff permitted persons to carry on in said building the unlawful business of selling intoxicating liquors, in a less quantity than a quart at a time, without being thereunto duly licensed according to law; and defendant shows that, by reason of the premises, the risk and hazard of said building was greatly increased, and, by reason of said unlawful business said fire occurred which destroyed said building; that the defendant had no knowledge that any other business, than that of keeping hotel was being carried on in said house. Wherefore," etc.

A separate demurrer, upon the ground of want of facts alleged, was overruled to the third and to the ninth paragraph of answer, as above pleaded. The plaintiff then filed numerous paragraphs of reply to the third and ninth paragraphs of answer, to each of which a separate demurrer, alleging a want of facts, was sustained. The plaintiff reserved exceptions to the various rulings of the court, and stood by the pleadings. Whereupon the court rendered judgment in favor of the defendant. Appeal.

1. As to the third paragraph of answer: The delivery of the policy to the insured, after its execution by the insurer, as averred in the complaint, was a waiver of the condition precedent, or a warranty as it is sometimes called in insurance law, of requiring the premium note of the insured to be delivered before the policy would take effect,

and affords no ground of defence against the policy.   Angell on Insurance, section 142 and section 343.   This principle is fully recognized in the case of *The Kentucky Mutual Insurance Co.* v. *Jenks*, 5 Ind. 96, and we think fully established by the following authorities:   *Grant* v. *The Lexington Fire, Life and Marine Insurance Co.*, 5 Ind. 23; *Byrne* v. *The Rising Sun Insurance Co.*, 20 Ind. 103; *The New England Fire and Marine Insurance Co.* v. *Robinson*, 25 Ind. 536; *The New England Mutual Life Insurance Co.* v. *Hasbrook's Adm'x*, 32 Ind. 447; *The United Life, Fire and Marine Ins. Co.* v. *The President and Directors of the Ins. Co. of North America*, 42 Ind. 588; *Lightbody* v. *The North American Insurance Co.*, 23 Wend. 18; *The Michigan State Insurance Co.* v. *Lewis*, 30 Mich. 41; *Insurance Co.* v. *Webster*, 6 Wal. 129; *New England Fire and Marine Insurance Co.* v. *Schettler*, 38 Ill. 166; *The Reaper City Insurance Co.* v. *Jones*, 62 Ill. 458; *Fiske* v. *The New England Marine Insurance Co.*, 15 Pick. 310; *Boehen* v. *The Williamsburgh City Insurance Co.*, 35 N. Y. 131; *Pratt* v. *The New York Central Insurance Co.*, 55 N. Y. 505; *Palm* v. *The Medina Co. Mutual Fire Insurance Co.*, 20 Ohio, 529; *Plumb* v. *The Cattaraugus Co. Mutual Insurance Co.*, 18 N. Y. 392.

As to the waiver of a condition precedent generally, see the following cases:   *Bryan* v. *Fisher*, 3 Blackf. 316; *Pickens* v. *Bozell*, 11 Ind. 275; *Swank* v. *Nichols' Adm'r*, 20 Ind. 198; *Parks* v. *The Evansville, Indianapolis and Cleveland Straight Line R. R. Co.*, 23 Ind. 567; *Hardy* v. *Stone*, 23 Ind. 597; *Davar* v. *Cardwell*, 27 Ind. 478: *Hunter* v. *Leavitt*, 36 Ind. 141; *Blair* v. *Hamilton*, 48 Ind. 32.

2.   There is nothing in the policy in this case prohibiting the insured from changing the business conducted in the building insured, from that of hotel keeping to any other pursuit.   The only stipulation touching any such charge is found in section 7 of the by-laws, in these words:   "Buildings used or occupied for illegal purposes,

(as for houses of ill-fame,) or property contained in such buildings, or directly endangered by them, are not allowed to be insured. If buildings previously insured are appropriated to such uses during the time of insurance, the agent must either insist upon the removal of the danger, or cancellation of the policy."

By the fair meaning of this by-law, it was the duty of the agent of the insurer to ascertain whether the property insured had, after insurance, been put to an illegal or immoral use or not; and, if so, the consequence was not the forfeiture of the policy, but it then became the duty of the agent to " insist upon the removal of the danger, or cancellation of the policy."

There is no averment in the ninth paragraph of answer, that the agent performed either of these duties. The averment in the paragraph, in reference to the misconduct of the insured, " that, by reason of the premises, the risk and hazard of said building was greatly increased, and, by reason of said unlawful business, said fire occurred which destroyed said building," is not an averment of facts, but the mere conclusion of the pleader from unstated facts, and amounts to nothing in a pleading. We can not perceive how the use of the building for prostitution would be more likely to endanger it to fire than if it were used for the accommodation of guests as a hotel; nor how the illegal sale of intoxicating liquors was any more dangerous to the building than if they had been sold legally under a license; nor, indeed, how the sale of intoxicating liquors within the building would endanger it at all. Neither prostitution nor the illegal sale of intoxicating liquors would subject the building to a fire that would burn it down. If the building became a nuisance after it was insured, or was used for the purpose of prostitution, or for the illegal sale of intoxicating liquors, it is presumed that the law is capable of redressing all the wrongs done thereby, of pro-

tecting the injured and punishing the guilty; at least, we know of no principle of law by which the insurer can avoid a policy on account of the illegal or immoral conduct of the insured, where such conduct in no way affects the legal rights of the insured. The law provides no means by which one person can profit by the illegal or immoral conduct of another. Nor will the negligence, carelessness or misconduct of the insured, in respect to the building, unless coupled with the intention of destroying the building by fire, avoid the obligation of the insurer upon the policy. This question was carefully considered by this court recently in the case of The Franklin Life Ins. Co. v. Humphrey, 65 Ind. 549.

The following cases also support our views: Chandler v. The Worcester Mutual Fire Ins. Co., 3 Cush. 328; Waters v. The Merchants' Louisville Ins. Co., 11 Pet. 213; The Columbia Ins. Co. v. Lawrence, 10 Pet. 507; Grant v. The Howard Ins. Co., 5 Hill, 10; Gates v. The Madison Co. Mutual Ins. Co., 5 N. Y. 469; Hoffman v. The Ætna Fire Ins. Co., 32 N. Y. 405; Rowley v. The Empire Ins. Co., 36 N. Y. 550; Campbell v. The Merchants and Farmers' Mutual Fire Ins. Co., 37 N. H. 35; The Niagara Fire Ins. Co. v. DeGraff, 12 Mich. 124; The Peoria Marine and Fire Ins. Co. v. Hall, 12 Mich. 202; The Commercial Ins. Co. v. Spankneble, 52 Ill. 53.

Having thus held the third and ninth paragraphs of answer insufficient, it is unnecessary to examine the questions arising upon sustaining demurrers to the replies to the same paragraphs.

3. The fourth paragraph of answer sets out a by-law of the company, declaring that, should any one have insured property in this and another company, then the policy of this company shall be void, except such double insurance is with the knowledge and consent of the directors, and is endorsed on the policy of insurance; and avers,

that, in violation of said by-law, the defendant insured the same property in "The Phœnix Insurance Company of Brooklyn, New York," to the amount of one thousand dollars, all of which is duly pleaded.

The third paragraph of reply to the fourth paragraph of answer avers that the agent of the defendant consented to allow the plaintiff to take out a second policy on the property, which was not endorsed on the first policy because of the neglect of said agent.

This reply is pleaded at great length, and with much particularity, but it is not substantial. The agent of the defendant, under the by-law, had no authority to consent to a second policy, and thereby bind the company, and his neglect to endorse it upon the first policy will not excuse the plaintiff. *The Starke County Mutual Ins. Co.* v. *Hurd*, 19 Ohio, 149; *Forbes* v. *The Agawam Mutual Fire Ins. Co.*, 9 Cush. 470; *The President, Directors, etc., of Worcester Bank* v. *The Hartford Fire Ins. Co.*, 11 Cush. 265; *The Conway Tool Co.* v. *Hudson River Ins. Co.*, 12 Cush. 144; *Pendar* v. *The American Mutual Ins. Co.*, 12 Cush. 469; *Hale* v. *The Mechanics' Mutual Fire Ins. Co.*, 6 Gray, 169.

The ninth paragraph of reply to the fourth paragraph of answer avers that, at the time the said Phœnix Insurance Company issued said policy, it had not complied with the statute authorizing it to transact business within this State, all of which is well pleaded under the act of December 21st, 1865, 1 R. S. 1876, p. 594. See, also, 1 R. S. 1876, p. 373.

It is claimed, under this reply, that the policy is void for non-compliance with the statute by the company, and, being void, it is the same as if no second policy had been taken. This question was fully and carefully examined by PERKINS, J., in the case of *The Walter A. Wood Mowing, etc., Machine Co.* v. *Caldwell*, 54 Ind. 270, wherein it was held

that an answer, setting up the non-compliance by a foreign corporation with our statute, was in the nature of a plea in abatement, suspending the right of action until the company had complied with the statute. The thorough examination of the question in the case cited relieves us from an extended examination in this case. To hold that a policy issued by a foreign insurance company to a citizen of this State, and premium notes made to them, were void for a non-compliance with our statute, would enable the foreign company to issue their policy, obtain what premiums they could, then avoid the policy by their own act. Such can not be the fair intention of the statute. There is a clear difference between a case wherein a corporation pleads its want of power, to avoid its own obligation when it has received a benefit, and one wherein its want of power is pleaded against it, to prevent it from obtaining a benefit without performing its own obligation. In one case the rule protects right, in the other prevents wrong, and thus both are made consistent with the fundamental principle in jurisprudence, that no one shall take advantage of his own wrong. For the illustration of this principle, see the case of *The Board of Commissioners of Tippecanoe County* v. *The Lafayette, Bloomington and Muncie R. R. Co.*, 50 Ind. 85. The second policy not being void, the reply is insufficient. *The American Ins. Co.* v. *Henley*, 60 Ind. 515 ; *Daly* v. *The National Life Ins. Co. of the United States of America*, 64 Ind. 1.

The fourth paragraph being sufficient, and the replies to it insufficient, the judgment is right, notwithstanding we have held the third and ninth paragraphs of answer insufficient.

The judgment is affirmed, at the costs of the appellant.