PORTER *v.* THE STATE.

An adjourned term of the *Randolph* Circuit Court was held within three months from the time fixed for the regular term; at the adjourned term the defendant was indicted. No objection was made below to the regularity of the proceedings. *Held*, that it will be presumed that the adjournment was according to law.

It is admissible to prove that after the defendant was arrested upon a charge of the alleged crime, he left the country and forfeited his recognizance.

The separation of witnesses is not a matter of right but of favor; and when the order separating them is disobeyed, it is still in the discretion of the Court to permit the examination of the disobedient witnesses.

While the Court was in session, one of the jurors left the box, passed through the group of spectators standing about, and after a moment's stay returned to the box again. *Held*, that these facts furnished no ground for a new trial.

As a general rule, new trials are not granted for the impeachment of witnesses or the admission of cumulative testimony.

ERROR to the *Randolph* Circuit Court.

PERKINS, J.—Indictment against *Cornelius Porter* for a rape on the body of *Margaret Mayo*.

The defendant was convicted.

The record states that the indictment was found at an adjourned term of the *Randolph* Circuit Court, begun and held, &c. To the finding of the indictment at such a term the plaintiff in error, *Porter*, objects. Section 20, p. 625, R. S. enacts that, "Whenever, from the prevalence of disease at any place where any Court is by law appointed to be held, it shall be deemed dangerous or impracticable to hold such Court at the time required by law, it shall be lawful for such Court to meet at any time during such term, and adjourn the same to a day not exceeding three months from the time of adjournment, if deemed expedient to hold such Court before the next regular term thereof." Section 22, on the same page, provides that all business, civil and criminal, shall be transacted at such adjourned term, as at the regular session. As the adjourned term in this case was held within three months from the time fixed for the regular term, and no objection was made by the defendant below to the

regularity of the proceedings, we presume the adjournment was according to law.

The state was permitted to prove that after the defendant was arrested upon a charge of the alleged crime, he left the country and forfeited his recognizance. This was proper evidence to go to the jury. Ros. Cr. Ev. 17.

At the request of the defendant the witnesses on the part of the state were separated before examination. One of them, nevertheless, mingled with persons who had heard the testimony of certain of the witnesses; and, on being afterwards herself called to the stand (the witness was a female) she was objected to on account of having thus mingled with said persons. The Court permitted her to testify. The separation of witnesses is not a matter of right but of favor—a favor, it is true, rarely refused; and when the order separating them is disobeyed, it is still in the discretion of the Court to permit the examination of a disobedient witness. 2d vol. Swa. Pr. 895, and notes.

The trial lasted two days, and, at the adjournments of the Court, the jury separated without objection, under the charge of the Court to converse with no one about the case; and on one occasion, one of the jurors left the box, while the Court was in session, walked out of the courthouse, passed through the group of spectators standing about, and, after a moment's stay, returned to the box. There is no charge of improper conduct on the part of any juror, further than the simple acts above named may have, in themselves, been improper. These facts furnish no ground for a new trial. Wharton's Am. Cr. L. 644, et seq.—Barlow v. The State, 2 Blackf. 114.

On the trial, the principal prosecuting witness, Margaret Mayo, swore that, previous to the commission of the alleged rape, she had had but a slight acquaintance with the defendant, Porter, and had spoken to him but once, which was upon the occasion of his calling at the house where she lived for a drink. After the trial Porter discovered a witness by the name of House, by whom he could prove that he, Porter, and said Margaret, had spent most of a night

together, a short time before the alleged commission of the rape, and that she manifested fondness for, and familiarity with, said *Porter* on the occasion; and on account of this discovery, as well as for other causes, a new trial was prayed. The Court refused it.

As a general rule, new trials are not granted for the impeachment of witnesses, nor for the admission of cumulative testimony. Neither the affidavit setting forth this newly discovered evidence, nor the bill of exceptions containing it, shows facts taking the case out of the operation of the general rule. It does not appear but that the defendant, *Porter*, was able to, and did, prove by other witnesses on the trial, all that this newly discovered witness proposed to swear to, and we should infer from the instructions of the Court upon the trial that he did. The evidence is not upon the record, and hence we presume there was evidence given to which the instructions were applicable; and the Court instructed the jury that if they believed, from the evidence, that said *Margaret Mayo* had knowingly sworn falsely in regard to her acquaintance and intimacy, or her intercourse, with the defendant, they might disbelieve her whole testimony. See on this point, 8 Blackf. 104.

We see nothing in the case that will justify a reversal of the judgment.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Kilgore*, for the plaintiff.

*D. Wallace*, for the state.