## GRIMES V. MARTIN.

1. VARIANCE. Where in the pleadings, notice and *dedimus*, the plaintiff's name was given as Chilton M. Grimes, and it appeared in the deposition as C. M. Grimes, *held* that the variance did not justify the suppression of the deposition.

2. INTERROGATORY. The defendant was called as a witness by plaintiff and testified that he had executed but one deed to plaintiff, whereupon he was asked on cross examination, at what time he made and executed said deed, to which plaintiff objected. *Held*, that the question was a proper one.

3. No PREJUDICE. The judgment below will not be reversed for error unless it appears that appellant was prejudiced by such error.

4. CONTEMPT BY A WITNESS. If a witness disregards the order of the court, to remain out of the court room while another witness testifies, he is guilty of contempt, and may be punished therefor.

5. EFFECT OF CONTEMPT. Such conduct may effect his credibility, but does not render him incompetent.

6. CONTRACT. The grantor of lands agreed with the grantee that if they were not in quality or value as represented, he would make good to him the difference in money; and the grantee brought suit upon the contract, and for damages for the tort. *Held*, that the grantee may recover upon the contract without establishing his right to recover on the tort.

7. INSTRUCTION. It is not error to refuse an instruction when presented or asked in terms requiring modification.

*Appeal from Davis District Court.*

SATURDAY, APRIL 7.

ON the 25th day of November, 1858, under an agreement entered into between the parties, the plaintiff exchanged one hundred and sixty acres of land, situated in Davis county, Iowa, which he valued at eighteen hundred dollars, for two hundred acres of land situated in Putnam county, Missouri, which he claims, was represented to him, by defendant, as

good tillable land, of the first quality; that eighty acres of it was finely timbered, and that the whole of it was worth $6 per acre. That defendant agreed that if the same was not such land as represented he, the defendant, would pay the plaintiff the difference between the value of said land as represented, and the real value as it should turn out to be. Deeds of conveyance were exchanged, and the plaintiff claims that the lands which he obtained, he had never seen at the time of the trade; that they were not at all in quality or in value what they were represented to be, and that the difference between the value of the lands as represented and what they were really worth, was $800, and for this sum he claims judgment. Defendant admits the trade but denies all the material allegations in plaintiff's petition, and sets up a counter claim of $1000 damages sustained by false representations made by plaintiff, in regard to the character and quality of the land he had received in exchange from him. Plaintiff claims the new matter set up in the answer. Trial and judgment for $380, for plaintiff. Defendant appeals.

*D. P. Palmer* for the appellant.

*Trimble & Baker* for the appellee.

LOWE, C. J.—The appellant makes the following points as errors in the proceedings below:

I. That the court erred in overruling the motion to suppress certain depositions.

The only reason assigned in support of the motion was that while the pleadings, notice and *dedimus* represented the plaintiff under the name of Chilton M. Grimes, the deposition only set out the initial of the name Chilton, to-wit, C. M. Grimes. The deposition being regular in other respects, it is believed that this objection is quite too technical to justify a suppression of the deposition, especially when there was nothing in the papers to authorize the conclusion that the deposition was taken between other parties than those described in the record.

II. It is claimed that the defendant below was called by plaintiff to testify simply whether he had made more than one deed to plaintiff. He replied in the negative. On cross examination he was asked at what time he made and delivered that deed. This question was objected to and the objection was sustained by the court. We think the second question grew very naturally out of the first, and might very properly have been answered, but if the court erred in this particular, it was an error without prejudice to the defendant. No complaint or question had been made or raised in the pleadings in regard to the conveyance made by either party, and it is very clear from the nature of the complaint and defense, that the date of the deed in question, or its delivery, was quite immaterial and could have had no influence upon the verdict of the jury one way or the other, had the fact been disclosed.

III. The third and fourth errors assigned were the exclusion of Duffield's, and the admission of Snoddy's testimony. The first was called to prove an offer on the part of the defendant below to rescind the contract, and as we think was very properly rejected under the state of the pleadings. But this objection is not pressed by the counsel for appellant. The ground of objection to Snoddy's testimony, which was received, was the fact that he was in the court room at the time Martin, defendant and witness, testified, whose testimony he was called to contradict. If the witness disregarded the order of the court in the premises, he was guilty of a contempt for which he might be punished, but the act would not render him incompetent to testify. It might effect his credibility. It is proper however to state that it does not appear from the record that the order of the court separating the plaintiff's witness, was intended to exclude them from the court room after their examination in chief.

IV. The fifth and sixth assignments of errors relate to the instructions given and refused at the trial. The first, second, eighth, eleventh and twelfth instructions asked for by the defense need only be considered, as the refusal to give these

is chiefly relied upon by counsel in argument as erroneous. They embody the following propositions, to-wit:

1. That the jury must find that the defendant practiced some fraud upon the plaintiff, which is the ground of the action, before they can find a verdict in his favor.

2. That this fraud must be clearly established, and not inferred where the question is doubtful, and the jurors not fully satisfied.

3. That misrepresentations to be fraudulent must have been known to be false by the person making them.

4. That when both the parties had equal knowledge, or an equal opportunity of learning the true character of the Missouri lands in question, then the plaintiff relied at his own peril upon the statements of defendant as to the quantity of said lands.

Whether the foregoing propositions would be law in a proper case made, need not now be inquired into. This suit is founded upon contract, as well as tort, in which it is alleged among other things that the defendant agreed in substance that if the lands which he proposed to give in exchange for plaintiff's lands were not of the quality and as valuable as represented by him, he would make good the difference in money, which the plaintiff now claims in his petition, as well as damages for the tort. The defendant can not avoid the obligation of this contract which was competent for the parties to enter into, by insisting that the plaintiff must establish his complaint for the tort also. Under the pleadings and issues as made in this case, the above instructions could not be given without great modification, and we are disposed to recognize the practice that it is not error to refuse to give an instruction unless it is presented or asked in such *form* as that it can be given in the terms of the instruction without qualification. *Carpenter* v. *Stillwell*, 1 Ker. 61.

Judgment affirmed with costs.