Davenport v. Ogg.

JOHN DAVENPORT v. FRANK R. OGG, *Executor, &c.*

1. EXCLUDING WITNESSES, DURING TRIAL; *Testimony of Disobedient Witness.* Where the court makes an order excluding from the court-room during the trial all witnesses except such witness as may at any time be called in for examination, it is the duty of all witnesses to obey such order; and any person violating the order may be punished therefor. But where a witness does violate the order, it is error for the court to exclude his testimony, simply because of such violation, over the objections and exceptions of an innocent party to the case who desires to examine the witness.

2. ———— *Conduct of Witness; Credibility.* The testimony of the witness should be received in such a case, and should go to the jury; but the conduct of the witness may also be shown to the jury for the purpose of affecting his credibility.

3. ———— *Conduct of Party; Presumption.* Where there is nothing in the record tending to show that the party desiring to examine the witness participated in the guilt of the witness, it will be presumed by the supreme court that such party was innocent.

4. PRESUMPTION, *Where Witness is Competent.* Where the testimony of a witness is excluded because it is supposed that the witness is incompetent, it will be presumed, in the absence of anything to the contrary, by the supreme court, if the witness is found to be compe-

tent, that the party offering him was prejudiced by the exclusion, although the testimony of the witness may not be set out in the record. The rule seems to be this: Where the court below excludes evidence because the evidence, and not the witness, is supposed to be incompetent, the record must contain the evidence sought to be introduced, so that the appellate court may see whether it is competent or not; but where the court below excludes the witness because the witness, and not his evidence, is supposed to be incompetent, then all that is necessary to put in the record is enough to show whether the witness is competent or not.

5. ——— And where the competency of a witness is objected to for any particular reason, it will be presumed by the supreme court, unless the contrary appears, that no other ground for his exclusion exists. And hence, all that is necessary in such a case for the record to contain, is enough to show whether the particular reason given for the exclusion is sufficient or not.

### Error from Johnson District Court.

DAVENPORT filed a claim in the probate court of Johnson county against the estate of one M. D., deceased. The claim was resisted by *Ogg*, the executor, and a trial was had before the probate judge and a finding for the claimant. The case was appealed to the district court, where a trial was had at November Term 1873. Judgment was given for the executor, and *Davenport* appeals, and brings the case here on error. Other facts are stated in the opinion.

*Sam. E. McCracken*, for plaintiff in error:

The court erred in excluding the witness for disobeying the order of the court. The fault, if any, was the fault of the witness, and without the knowledge or consent of the plaintiff or his attorney. A witness cannot by any misconduct of his own deprive a party of the benefit of his evidence, if there be no fault or connivance on the part of the person who has a right to his testimony. 2 Phillips Ev. 744; 6 Mo. 435; 1 Greenleaf Ev., § 432, note; 44 Ala. 393; Roscoe's Crim. Ev. 163; 1 Bishop's Crim. Proc. § 518.

*F. R. Ogg*, defendant in error, for himself.

The opinion of the court was delivered by

VALENTINE, J.: At the commencement of the trial of this case, an order was made by the court below excluding from the court-room, during the trial, all the plaintiff's witnesses, except such witness as might be called in at any time for examination. During the trial, Mary Atkinson, one of plaintiff's witnesses, came into the court-room in violation of said order, and heard all the evidence-in-chief of another witness of the plaintiff. Afterward the plaintiff offered to introduce this witness, but the defendant objected on the ground that she had violated said order. "The plaintiff [then] insisted that the witness should be allowed to testify; that they had called the attention of the court to the fact of the witness being in court as soon as the fact came to the knowledge of the plaintiff's counsel; that it was no fault of theirs, but of the witness; that the fact of the witness being in court before the plaintiff was apprised of the fact of said witness being in court, was known to defendant's counsel." This statement was not sworn to, and whether true, or untrue, we have no means of determining. And what the testimony of the witness might have been, we cannot tell, for the court excluded the whole of it, not even allowing the witness to be examined on any subject, and the plaintiff made no statement as to what the testimony would be. Did the court below err in refusing to allow this witness to be examined? We think it did. There is no pretense that the witness was not a competent witness in every respect, except that she had violated said order. And there is no pretense that her testimony would not have been relevant and competent, if it had been admitted. Her testimony was excluded simply and solely because she violated said order of the court. This was probably no punishment to the witness, but was rather a severe punishment to the plaintiff, who, as we must presume from the circumstances of the case, was an innocent party. Mr. Phillips says, in his work on evidence, that,

1. Excluding witnesses during trial.

Testimony of disobedient witness.

"If a witness, who has been ordered to withdraw, continue in court, it was formerly considered to be in the judge's discretion whether or not the witness should be examined. But it may now be considered as settled, that the circumstance of a witness having remained in court in disobedience to an order of withdrawal, is not a ground for rejecting his evidence, and that it merely affords matter· of observation." (2 Phil. Ev., 5th Am. ed. 744; star page, 887; and also see cases there cited.) This is evidently the correct rule. A hostile witness should not have the power, by violating an order of the court, to deprive an innocent party of his testimony. Nor should the ignorance, mistake, misapprehension, or inadvertence on the part of the witness, have the effect to deprive an innocent party of his testimony. The testimony of the witness

2. Credibility of witness; punished for contempt.

should be received, and should go to the jury; but the conduct of the witness may also be shown to the jury, for the purpose of affecting his credibility. That this view of the question is correct, see also *Keith v. Wilson,* 6 Mo. 435; *State v. Salge,* 2 Nevada, 321; *Gregg v. The State,* 3 West Va. 705; *Grimes v. Martin,* 10 Iowa 347; *Bell v. The State,* 44 Ala. 393; *State v. Sparrow,* 3 Murphy, (N. C.) 487; *Hopper v. Commonwealth,* 6 Grat., (Va.) 684. The witness may be punished, as for a contempt, by fine and imprisonment for violating the order of the court. So·also may any party or person who procures or abets such violation. And if the party who wishes to examine the witness abets the violation of the order of the court, he may

3. Conduct of party; presumption.

be punished by excluding the evidence of the witness; or at least this seems to be the weight of authority up to the present time. But all this is punishment for a supposed contempt of the court; and the guilt of the party punished must either come under the personal and judicial cognizance of the court, or it must be proved to the satisfaction of the court by evidence. No innocent person can be punished in any manner; and no person is to be presumed without proof to be guilty; but on the contrary, every person, in the absence of

anything showing the contrary, is presumed to be innocent. Hence, in the present case, with or without the said statement of the plaintiff, as there is nothing in the record tending to show the plaintiff's guilt, he must be presumed by the supreme court to be innocent. There was nothing that transpired during the trial tending to show his guilt. It will also be presumed that the plaintiff was prejudiced by the exclusion of the testimony of said witness. Mr. Powell says: "It seems that to reject a witness which the record shows to be a competent witness, would be error, for it would appear *prima facie* that the party was prejudiced by the rejection. And where a competent witness is excluded as incompetent, no necessity exists to set out in the bill of exceptions the matter expected to be proved by the witness, for the ground of the rejection would have been his *legal* disability to testify in the case, and there the contrary appeared from the record." (Powell on Appellate Proceedings, 218, 219, § 12.) See also, *Fairly v. Fairly*, 34 Miss. 18, 21; *State v. Salge*, 2 Nevada, 321, 326; *Gregg v. The State*, 3 West. Va. 705, 709, et. seq., and other cases above cited. In the case of *Fairly v. Fairly*, supra, the court say: "The record states that the plaintiffs offered the witness to prove their case, and it must be inferred, in the absence of any showing to the contrary, that if the court had permitted the witness to testify, this proof would have been made." The rule seems to be this: When the court below excludes evidence because the evidence, and not the witness, is supposed to be incompetent, the record must contain the evidence sought to be introduced, so that the appellate court may see whether it is competent or not; but where the court below excludes a witness because the witness, and not his evidence, is supposed for any reason to be incompetent, then all that is necessary to be put in the record is enough to show whether the witness is competent or not upon the ground upon which he is excluded; and it is not necessary in such a case to put into the record what the witness would testify to. Where the competency of the witness is objected to for any particu-

4. Where witness is competent.

lar reason, it will be presumed, unless the contrary appears, that no other reason for his exclusion exists. And hence, in such a case, all that is necessary, as a general rule, for the record to contain is, enough to show that the particular reason given for the exclusion is not sufficient. In the present case the witness was excluded solely because she herself, without any encouragement from any one else, violated an order of the court. The record contains sufficient to show that such reason is not sufficient, and hence the judgment of the court below must be reversed, and the cause remanded for a new trial.

All the Justices concurring.