Davis *v.* Byrd.

No. 11,343.

DAVIS *v.* BYRD.

WITNESS.— *Separation.— Exclusion of Testimony.— Case Criticised.*—Where there is an order separating witnesses, a party without fault can not, by the disobedience of his witness, be deprived of his testimony. *Jackson* v. *State*, 14 Ind. 327, criticicised,

From the Montgomery Circuit Court.

*J. R. Courtney*, for appellant.

*M. Thompson, W. H. Thompson* and *W. B. Herod,* for appellee.

ELLIOTT, J.—The trial court ordered the separation of witnesses, and Frank Pennington, a witness for the appellant, had notice of this order, although not in court at the time it was made; notwithstanding this notice, he came into the court room and remained while several witnesses were testifying. It does not appear that the appellant was in any manner responsible for the presence of the witness in the court room, nor that he did anything to bring it about, nor that he had any knowledge of the violation of the order of the court by the witness. On the motion of the appellee, the court refused to permit the witness to testify, and this ruling presents the only question in the case.

A witness who disobeys the order of the court excluding him from the court room should be punished, and severely punished, for his disobedience, but this punishment should fall on the guilty person, and not on an innocent party. It is difficult to imagine any principle of law which will justify the punishment of an innocent party for the contumacious behavior of a witness. A litigant has no authority over the witnesses subpoenaed by him, and is not answerable for their wrongful conduct, and he ought not to be denied a right because a wrong has been committed for which he is neither morally nor legally responsible. It may be a very serious punishment to be deprived of the testimony of a witness,

and if the party is himself free from fault, this punishment should not be visited on him; if, however, he is in fault, if he has directly or indirectly influenced the witness to disobey the order of the court, or if he has knowingly suffered it, then it is but just that he should pay the penalty of his wrongful act by the loss of the witness's testimony. We hold the true rule to be this: Where a party is without fault, and a witness disobeys an order directing a separation of witnesses, the party shall not be denied the right of having the witness testify, but the conduct of the witness may go to the jury upon the question of his credibility. The modern authorities are overwhelmingly in favor of this doctrine. Mr. Bishop says: " On the other hand, if the party was without fault, the judge has no right to punish his innocence by depriving him of his evidence, and ruin him at the will of a witness. The testimony should be admitted, subject to observation to the jury. Such is the law in principle. * * * * * * Other judges, less mindful of these reasons, appear to deem it within their discretion in all cases of disobedience to the order to reject the witness." 1 Bishop Crim. Proc., sections 1191, 1192. An English author gives this statement of the rule: " But it seems to be now settled, that the judge has *no right to reject the witness* on this ground, however much his wilful disobedience of the order may lessen the value of his evidence." 2 Taylor Ev. 1210. The same doctrine is found in 2 Phillipps Ev. (5th Am. ed.) 744. Among the cases supporting the conclusion which we here announce are: *Davenport* v. *Ogg,* 15 Kan. 363; *Pleasant* v *State,* 15 Ark. 624; *State* v. *Salge,* 2 Nev. 321; *Grimes* v. *Martin,* 10 Iowa, 347; *Bell* v. *State,* 44 Ala. 393; *Keith* v. *Wilson,* 6 Mo. 435; *People* v. *Boscovitch,* 20 Cal. 436; *Hopper* v. *Com.,* 6 Grat. 684; *Gregg* v. *State,* 3 W. Va. 705; *Rooks* v. *State,* 65 Ga. 330; *Smith* v. *State,* 4 Lea (Tenn.) 428; *Bulliner* v. *People,* 95 Ill. 394.

In *Jackson* v. *State,* 14 Ind. 327, there was an element present which is absent from this case, namely, that the defend-

ant retained in the house one of his own witnesses, whereby he heard the testimony of the others. And this was an important element clearly distinguishing that case from this, for it connected the party with the disobedience of the order. There are, however, expressions in the opinion in that case to the effect that a witness who disobeys the order of the court may be excluded, and as these statements can not be regarded as correctly expressing the law, they are disapproved. The decision in *Porter* v. *State*, 2 Ind. 435, is not in conflict with the views here expressed. The point there decided was that it is not error to permit a witness to testify, although guilty of a disobedience of the order of the court. This, plainly enough, is a different thing from denying the party a right to introduce the witness. Judgment reversed.

Filed April 16, 1884.