Burk v. Andis et al.

Filed Oct. 18, 1884.

---

No. 11,406.

BURK *v.* ANDIS ET AL.

| 98 | 59 |
| 130 | 70 |
| 98 | 59 |
| 137 | 337 |
| 138 | 19 |

PRACTICE.—*Demurrer.*—A demurrer to a motion for a new trial is improper.

EJECTMENT.—*Amendment Making New Parties.*—*Costs.*—*Practice.*—In ejectment an amendment to the complaint substituting another person as plaintiff, who was the grantor of the original plaintiff, can, under section 394, R. S. 1881, be made on leave, without costs, if no delay results.

SAME.—*Deed.*—*Adverse Possession.*—*Champerty.*—*Instruction.*— An instruction, declaring the rule of law as to a conveyance made during an adverse possession by the defendant in ejectment, was modified by the statement that if the grantor sold while in possession, giving a title bond and putting the purchaser in possession, and afterwards executed a deed as the bond required, then title would pass by the deed.

*Held,* that this modification could not mislead the jury and was as favorable as the defendant could expect.

SAME.—*Evidence.*—*Copies.*—*Town Plat.*—Where, in ejectment, the original of a town plat is in evidence, the admission of a copy of it is a harmless error.

SAME.—Where, in ejectment, the deeds under which both parties claim refer to a certain recorded town plat for identity of the lot, the record is proper evidence, though the plat may not have been made as the law requires.

BILL OF EXCEPTIONS.—*Instructions.*—Instructions and exceptions thereto may be brought into the record by bill of exceptions as formerly, notwithstanding sections 533 and 535, R. S. 1881, provide another mode.

PRACTICE.—*Separating Witnesses.*—*Evidence.*—It is error to exclude a witness merely for disobeying an order requiring the witnesses, when not testifying, to remain out of court.

From the Madison Circuit Court.

*C. L. Henry* and *H. C. Ryan*, for appellant.

*E. P. Schlater* and *M. A. Chipman*, for appellees.

BICKNELL, C. C.—James Neal brought an action against Patrick Burk to recover land and damages.

After trial and verdict for the defendant, the plaintiff took a new trial as of right, and then with leave of court amended his complaint by substituting Samuel R. Andis and others as plaintiffs in his stead.

A motion by the defendant to tax all the costs of the cause, up to the time of the amendment, against said James Neal, was overruled.

The record shows no answer to the amended complaint, but there was a trial by jury with a verdict for the plaintiffs; therefore, the cause must be regarded as tried upon a denial of the amended complaint.

A motion by the defendant for a new trial was overruled; judgment was rendered upon the verdict; a motion by defendant to modify the judgment was overruled, and he appealed. He assigns the following errors:

1. The amended complaint does not state facts sufficient to constitute a cause of action.

2. Overruling the appellant's demurrer to the application for a new trial as of right.

Burk *v.* Andis *et al.*

3. Granting a new trial as of right, and setting aside the judgment rendered in favor of appellant.

4. Overruling the motion to tax costs, up to the time of the amendment, against James Neal.

5. Overruling the motion for a new trial.

6. Overruling the motion to modify the judgment.

The first of these alleged errors is expressly waived by the appellant in his brief.

The second and third of said alleged errors are discussed together in the appellant's brief. He claims that the motion for a new trial as of right was improperly granted, because no undertaking for costs was filed, but the record, as corrected by *certiorari*, shows that a proper undertaking for costs was filed,.and there is no practice that warrants a demurrer to a motion for a new trial.

The fourth and sixth specifications of error are presented together in the appellant's brief, and they raise the question, is it right to permit an amendment of a complaint by substituting new plaintiffs in place of a sole original plaintiff, without taxing all the costs up to the time of the amendment, against the original plaintiff? The propriety of the amendment in the present case is not controverted by the appellant, but he claims that it ought not to be allowed without the payment of costs by the original plaintiff up to the time of the amendment. This matter is regulated by statute.

Section 394, R. S. 1881, provides that "Any pleading may be amended by either party, of course, at any time, before the pleading is answered. All other amendments shall be by leave of the court. The party amending shall pay the costs of the leave to amend. When the trial is not delayed by reason of the amendment, no other costs shall be taxed. When the amendment causes a delay during any part of the term, or to another term, the party amending shall pay the costs of such delay. No cause shall be delayed by reason of an amendment, excepting only the

time to make up issues, but upon good cause shown by affidavit of the party or his agent asking such delay."

Under this statute the amendment under consideration required leave of court; it appealed to the discretion of the court; there was no objection to the leave to amend. The plaintiff, Neal, having failed on the former trial, because, at the date of his deed, Burk was in adverse possession, asked leave of court to substitute as plaintiffs the names of his grantors, he had a right to sue in their names for his own benefit. *Steeple* v. *Downing*, 60 Ind. 478. The amendment produced no delay, and no change in the defendant's pleading, and put the defendant under no disadvantage as to his title. We think the court was right in refusing to tax costs against James Neal after the amendment was made, and in refusing to modify the judgment so as to give Patrick Burk a judgment against said James Neal for the costs preceding the amendment.

A plaintiff in such a case ought not to be compelled to dismiss his suit and bring a new one, and under our statute, section 394, *supra*, he ought not to be compelled to pay costs accrued previously to an amendment made by leave of court, which produced no delay and no change in the defendant's pleading. See *Duncan* v. *Cravens*, 55 Ind. 525; *Burr* v. *Mendenhall*, 49 Ind. 496; *Burns* v. *Barenfield*, 84 Ind. 43; *Hubler* v. *Pullen*, 9 Ind. 273; *Pittsburgh, etc., R. W. Co.* v. *Martin*, 82 Ind. 476. In general, an amendment of a complaint has relation to the time the complaint was filed, although as to new parties brought in by the amendment, the statute of limitations will continue to run until the amendment is made. *Lagow* v. *Neilson*, 10 Ind. 183. The amendment here introduced no new title, and the new parties were nominal only, their names being used for the benefit of the original plaintiff to avoid the rule that forbids a recovery on a deed made during the adverse possession of a third party.

The only remaining error alleged is overruling the motion for a new trial. There are twenty-one reasons for a new trial,

but the appellant, in his brief, discusses those only which are hereinafter considered, the others are regarded as waived.

The twentieth reason for a new trial is that the court erred in refusing to give to the jury instruction No. 4 as requested by the appellant, and also erred in giving it with a modification. The appellant requested six instructions, all of which were given by the court except the fourth, which was given with a modification, and the court gave also two instructions of its own motion. This appears by a bill of exceptions.

The appellee claims that the instructions are not in the record, because they are not signed and filed as prescribed by section 533, R. S. 1881, and because the exceptions were not taken in the manner prescribed by section 535, R. S. 1881. But the instructions and the exceptions are in a formal bill of exceptions signed by the judge, and made part · of the record. This is sufficient. *Hadley* v. *Atkinson*, 84 Ind. 64; *Heaton* v. *White*, 85 Ind. 376; *Elliott* v. *Russell*, 92 Ind. 526.

Instruction No. 4 was as follows: " If the evidence shows that the deed read in evidence, executed to the plaintiffs in this case, was executed at a time when the defendant was in adverse possession of the ground in controversy, and claiming it as his own, then such deed is void as to the defendant, and conveyed to the plaintiffs no title whatever in that piece of ground, and they can not recover in this case under a deed so executed." The addition to it was as follows: " Unless you further find that the grantors of said plaintiffs, while in possession of said real estate, sold the same and gave a title bond therefor, and surrendered the possession to said purchaser, who then took possession thereof, and afterwards said grantors executed to said plaintiffs a deed in pursuance of said sale, the said deed would be valid, and the title would pass thereby to the plaintiffs."

The objection made to this modification is that it tended to mislead the jury, but we think that the whole charge, taken together, was as favorable to the appellant as he had

a right to expect, and that the jury could not have been misled thereby.

The seventeenth reason for a new trial is that the court refused to permit John Lyons to testify when offered as a witness by defendant.

The bill of exceptions contains the following questions by the court to John Lyons:

" Were you sworn as a witness in this case this morning with the other witnesses? Answer. Yes, sir.

" Question. Did you hear me tell you to stay out of the court-house during the time witnesses were testifying? Ans. I did not pay any attention to it.

" Question. Did you hear it? Ans. Yes, sir, I heard it.

" By the court. The witness will not be permitted to testify."

The witness had previously answered as follows:

" Question. How long have you been in the court-house? Ans. About half an hour.

" Off and on all the forenoon? Ans. Yes, sir; and afternoon, too."

The exclusion of the testimony of such witnesses has heretofore been intimated in Indiana to be a matter within the discretion of the court trying the cause, and it has been stated that whether the testimony of the disobedient witness was admitted or rejected, this court would not interfere unless it appeared that such discretion had been abused. *Porter* v. *State*, 2 Ind. 435, and *Jackson* v. *State*, 14 Ind. 327. But in the recent case of *Davis* v. *Byrd*, 94 Ind. 525, this court said: " We hold the true rule to be this: Where a party is without fault, and a witness disobeys an order directing a separation of witnesses, the party shall not be denied the right of having the witness testify, but the conduct of the witness may go to the jury upon the question of his credibility." It does not appear in the present case that the appellant was in any way responsible for the presence of the witness in the court-room, nor that he had any knowledge of the violation of the order of the court by the witness. The action of the court, as shown by the

record, was founded simply upon the disobedience of the witness, no fault of the party appearing. The facts are precisely the same as those existing in *Davis* v. *Byrd, supra,* and on the authority of that case we must hold that the court erred in excluding the testimony of the witness Lyons.

The fifth, sixth and seventh reasons for a new trial are discussed together in the appellant's brief. They relate to the plats offered in evidence.

The deputy recorder of Madison county, produced the record of plats and plat-book of Madison county, and proved that it was an official record of the recorder's office. On cross-examination he said: " It does not purport to be the original plat, but purports to be a copy, and that it is a certified copy of the original, certified by the recorder." The certificate was as follows: " A true copy, James Mohan, recorder." The caption was as follows: "A revised and corrected plat of Andrew Jackson's addition of out-lots to the town of Anderson, Madison county, State of Indiana, laid out by him and recorded, A. D. 1859," etc. It was certified as follows:

" STATE OF INDIANA, MADISON COUNTY, ss:

" I, Burkett Eads, the recorder of Madison county, in the State of Indiana, do hereby certify that on this, the 18th day of July, 1863, personally appeared before me, Andrew Jackson, the proprietor of Andrew Jackson's addition of out-lots to the town of Anderson, in said county, and then and there acknowledged the annexed plat of out-lots to said town, as laid off and platted by him and as recorded in this office, A. D. 1859. In witness whereof, I hereunto subscribe my name and affix the seal of said recorder's office the day and year first aforesaid. (Signed) BURKETT EADS, Recorder M. C.

"A true copy. Attest: JAMES MOHAN, Recorder."

The only objections made to this copy of the recorded plat were that it is irrelevant, incompetent and immaterial. The plaintiffs afterwards introduced the same plat-book and a plat,

entitled "Original of Jackson addition of out-lots," which was certified as follows:

" I hereby certify that the annexed plat, which lies east of Pearl street, is a correct plat of my addition of out-lots to the town of Anderson. ' The lots, streets and alleys of the size and dimensions as designated thereon, which is known and designated as Jackson's addition of out-lots to the said town· of Anderson.        (Signed)      A. JACKSON.
"STATE OF INDIANA, MADISON COUNTY, SS:

" Before me, James W. Thomas, a deputy surveyor in and for said county, this 29th day of June, 1859, personally appeared A. Jackson and acknowledged the execution of the annexed plat to be his act and deed.  Witness my hand and seal this 30th day of June, 1859.

                " JAMES W. THOMAS,   [SEAL.]
                " Deputy Surveyor of Madison Co.
" Recorded July 30th, 1859.
                "Attest:       S. B. MATTOX, Recorder."

Mr. Schlater testified that this was a copy of the original plat-book made by him, and that the original plat was lost.

The objections to the introduction of this second plat were that it is irrelevant, incompetent and immaterial.

The third plat offered in evidence was the original plat of Andrew Jackson's addition to out-lots to the city of Anderson, and to this the defendants objected,. for the reasons that it is incompetent, irrelevant and immaterial. Upon these objections we think there was no material error in admitting these plats in evidence. A general objection that evidence is incompetent and immaterial amounts to nothing. The plats certainly were not irrelevant; they exhibited the land in controversy ; where the original was read in evidence, the admission of the copy could do no harm. It appeared that both parties claimed under the revised and corrected plat, and whether that plat was made in accordance with existing·statutes or not, or even if made by a person without authority, still, having been put upon record, and afterwards adopted and

acted upon by subsequent owners of the property, and the deeds of the parties to this suit and their grantors making reference to their property as described on said revised and corrected plat, it was properly admitted in evidence, and the original being in evidence, there was no material error in admitting the copies.

The only other reasons for a new a trial, which are discussed in the appellant's brief, are the first, second and third, which call in question the sufficiency of the evidence.

As there must be a new trial, we do not express any opinion on the evidence.

The court erred in refusing to grant a new trial for the error in refusing to permit the witness Lyons to testify, and for this error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellees, and this cause is remanded for a new trial.

Filed Oct. 18, 1884.