Turner v. Rogers.

---

## TURNER v. ROGERS.

ADMINISTRATION: *Interference of equity. Jurisdiction.*

A creditor who has probated his claim against a deceased debtor's estate still in course of administration, and who resorts to equity to subject to the payment of his claim land belonging to the decedent, on the ground that it has been sold upon execution against the decedent's husband, (who, having a life estate in the the same, had acquired the reversion by purchase from the only surviving heir), and because the land is in the adverse possession of the husband's judgment creditor under that sale, will be denied relief, as the Probate Court has power to order the sale of whatever interest in the land is subject to the payment of the claim.

APPEAL from *White* Circuit Court, in Chancery.
M. T. SANDERS, Judge.

The complaint alleges that in 1857 the plaintiff, T. J. Rogers, instituted suit in the White Circuit Court against

Mary J. Watkins, formerly Mary J. Walker, and her then husband, Thomas Watkins, for a debt due from her to Rogers for $358.10, before her marriage to Watkins, and recovered judgment against them, which was appealed to the Supreme Court, and was there reversed and remanded; that, pending said appeal, the said Mary J. died intestate, and Rogers amended his pleading, and renewed the suit against John G. Holland, appointed administrator *ad litem* for that purpose, and on the 3d day of November, 1869, he took a non-suit; that on the 20th of January, 1870, the said John G. Holland, being appointed regular administrator on the estate of the deceased, the plaintiff presented said claim to him for allowance, for the sum of $637.57, and the same was allowed and classed by the Probate Court; that the administrator appealed this judgment to the Circuit Court, and judgment was there rendered against him for the sum of $350, from which he appealed to the Supreme Court, and that court reversed the judgment at its November term, 1878, after finding that the plaintiff, Rogers, was entlteid to $100; that, upon the return of the case to the Circuit Court, the parties accepted the finding of the Supreme Court, and allowed judgment to be rendered against said administrator for the sum of $262, on the 24th day of January, 1884, with 6 per cent interest from that date, and costs, etc.; that, on the 11th day of March, 1870, the administrator, Holland, for want of personal assets to pay decedent's debts, filed in the Probate Court an inventory of the lands of the deceased, describing them (here the complaint describes the lands and the titles); that, at the death of said Mary J., said lands descended to Emily P. Quarles, and a minor heir by her husband, Thomas Watkins, who soon afterwards died an infant, and the lands remained in the possession of Watkins, who continued to hold them by the curtesy, and in 1867 purchased Mrs. Quarles' interest, and received her deed to them; that in 1872 said lands were sold under execution against Watkins, and were afterwards re-

deemed by defendant, Turner, who was a judgment creditor, who still remains the owner of and in possession of them; that Turner purchased with full notice of plaintiff's claim against the lands, and of the litigation with the deceased in her lifetime, and her administrator since her death; that there is no personal property, and never was, in the hands of the administrator to pay the deceased's debts; and the lands are in the adverse possession of Turner, and cannot be sold to advantage by the Probate Court. Prayer that the lands be sold for payment of said debt.

The defendant demurred to the bill, which was overruled. Defendant then answered, and upon final hearing plaintiff had judgment, and defendant appealed.

*J. W. House* and *J. M. Moore* for appellant.

### THE JURISDICTION.

It was error in the Chancellor to overrule the defendant's demurrer to the complaint, on the question of jurisdiction. The complaint was simply an application to sell an intestate's lands for the payment of her debt, for which the Probate Court had ample power and exclusive jurisdiction under the Constitution of 1874. The fact that the land had been sold to the defenant did not divest this jurisdiction, nor give any to a court of equity. Not a single ground for equitable interference is shown.

The complaint shows but *one* owner of *all* the land, standing in the place of the heir and without remedy over against the heir, or any one else, for he was a purchaser under execution, without warranty, or right to any marshaling of assets, or any relief from any one, and would be as completely bound by a sale of the Probate Court *in rem* as would be the heir.

There are here no "complicated questions of privities, rights to distribution and marshaling of assets that the Probate Court is not possessed with machinery to adjust," as in the case of *Hall v. Brewer, 40 Ark., 432*, which was relied on by the Chancellor to support his jurisdiction in this case.

But it is like *Howell v. Duke, 40 Ark., 102*, and *Garibaldi v. Jones, 48 Ark.* The facts in this case and those are identical. For in them, as in this, the lands had been sold by the heir, and in both cases this court recognizes the jurisdiction of the Probate Court to sell them in the hands of the purchaser, and in the last case, expressly declared the jurisdiction.

It was a manifest mistake of the Chancellor to assimilate this case to *Hall v. Brewer* to support his jurisdiction. This court did not even in that case intend to hold that the Probate Court could not have sold the lands by a simple proceeding *in rem*, but that an equitable marshaling of assets, adjustment of equities and distribution of the burden of the debt equitably among the heirs and their numerous vendees and sub-vendees, were peculiar matters for adjustment in equity—beyond the power of the Probate Court, and gave jurisdiction to chancery. But no such necessity exists in this case. See *Reinhardt v. Gartrell, 33 Ark., 727; Mock v. Pleasants, 34 id., 63.*

We waive here the question whether chancery can take jurisdiction any more after an administration is closed and the administrator discharged than before, because in this case the administrator was not discharged and the question is not involved. But where the administrator is not discharged, if not after that, we insist that chancery can not take jurisdiction unless there are matters involved of which the Probate Court has no jurisdiction. Where *it* has jurisdiction of every question presented and can do all that is asked in the petition, its jurisdiction is exclusive and cannot be usurped by chancery. There can be no concurrent jurisdiction in the two courts under the Constitution. *Mock v. Pleasants, supra.*

*W. R. Coody* for appellee.

The court had jurisdiction. *Hall v. Brewer, 40 Ark., 433, 439-41; 1 Dallas, 481; 7 Wheaton, 59; 40 Ark., 443; 25 id., 499; 30 id., 524; 31 id., 579; 40 id., 102.*

COCKRILL, C. J.   The demurrer to the bill raises the question of the jurisdiction of a court of equity to enforce the collection of a claim probated against the estate of a deceased debtor which is still in course of administration, out of lands belonging to the estate.

The jurisdiction of courts of equity in probate matters is more restricted in this State than it was under the English rule before the establishment of our probate system, and it is less liberal than is now exercised by many of the States.   See *3 Pom. Eq., sec. 1154 et seq.*   With us the Probate Court has exclusive jurisdiction in the matter of the administration of the estates of decedents (*Art. 7, sec. 34, Const., 1874*); and it has been frequently determined by this court that equity has no power to lift the administration out of the Probate Court for the purpose of proceeding with it.   *Reinhardt v. Gartrell, 33 Ark., 727; West v. Waddell, id., 575; Mock v. Pleasants, 34 id., 63; Shegogg v. Perkins, id., 117; Flash, Lewis & Co. v. Gresham. 36 id., 529; Hankins v. Layne, 48 Ark., 544.*

The equitable jurisdiction over the subject with us is not concurrent; it is rather auxilliary or ancillary and corrective, and can be exercised only when the relief afforded by the Probate Court is imperfect or inadequate, or where its proceedings have miscarried through fraud, accident or mistake.   There must be some special ground of exclusive equitable cognizance to warrant the interference of equity with the course of an administration.   "Courts of probate are not courts of chancery" as was said in *Jones v. Graham, 36 Ark., 383, 405,* and they are not provided with the machinery to adjust the com-

ADMINISTRATION: *Equitable* jurisdiction over.

plicated matters with which equity deals. *Hall v. Brewer, 40 Ark., 433.* But they have power for all the ordinary purposes of administration, and the jurisdiction of equity exists only in matters which lie outside of or beyond their reach. Thus, they have no power to foreclose a mortgage on a decedent's lands, or to uncover assets to facilitate a sale where the debtor has fraudulently disposed of property in his lifetime. The powers of equity may be invoked for these purposes. *Jackson v. McNabb, 39 Ark., 111; Simms v. Richardson & May, 32 id., 297.* The right of the creditor to proceed in equity against the heir who has received his ancestor's estate, for satisfaction of a claim which has accrued after the time limited for authenticating it, or after the close of the administration (see cases cited in *Hall v. Brewer, sup.*), or even where the administration is closed without paying a probated claim (*Wilson v. Hanks, 13 Ark., 559,*) is a farther illustration of the inadequacy of the remedy afforded by the Probate Court. And in *Hall v. Brewer, sup.*, where a creditor who had been deferred by litigation and succeeded in having his claim allowed by the Probate Court only after the other debts had been paid, the estate otherwise fully administered, the personalty exhausted and the lands surrendered to the devisees, was allowed to resort to equity to enforce his allowance against the lands of which his debtor died seized. But in that case the devisees had conveyed portions of the lands to various parties, and the jurisdiction of equity rests upon the ground that the Probate Court is not provided with the machinery to adjust the complicated questions of priorities and the rights to contribution and marshaling of assets that arose between the several claimants. These constituted a distinct ground of exclusive equitable cognizance. But there is nothing of the sort in this case. The real estate in question upon the death of Mrs. Watkins descended to her heirs subject to the husband's estate by curtesy, and the charge for the payment of the debt which the appellee established at

law against her administrator. The bare fact that the life tenant has acquired the reversion by purchase from the surviving heir, and disposed of the entire estate, does not oust the Probate Court of its power to sell (*Howell v. Duke, 40 Ark., 102; Garibaldi v. Jones, 48 Ark., 230*), or afford any reason for the interposition of equity. Turner, by the allegations of the bill, stands simply in the shoes of Watkins, the husband of the deceased debtor, and holds his life estate with whatever other estate he may have owned. The Probate Court has ample power to order the administrator to sell whatever interest in the land held by him was subject to the payment of Mrs. Watkins' debts in the hands of her husband, and the creditor must resort to that tribunal for his remedy. To permit equity to interfere for the purpose of selling the lands without some special reason, would be to allow it to exercise concurrent jurisdiction with the Probate Court in the administration of the estate. But that is not permissible under our system. This view "undoubtedly conforms to the prevailing rule," says Mr. Pomeroy, *3 Eq., sec. 1154, p. 107n*, "in the great majority of States where power to sell land under the direction and control of the Probate Court is given to an administrator." *Rogers v. Rennard, 54 Tex., 30; Davenport v. Ogg, 15 Kans., 363.*

It is a matter of regret that this litigation cannot be ended here. It is thirty years since the appellee first brought suit to collect the demand which he is now seeking to enforce, and it has twice before been before this court. *Watkins v. Rogers, 21 Ark., 298; Holland as Adm'r. v. Rogers, 33 id., 251.* But the power vested by the Constitution exclusively in the Probate Court cannot be borrowed by another tribunal for the purpose of expediting his cause.

The decree must be reversed and the cause remanded, with instructions to sustain the demurrer to the bill.