IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1900, IN THE
EIGHTY-FOURTH AND EIGHTY-FIFTH YEARS
OF THE STATE.

---

### HOLLIDAY *v.* CHISM.

[No. 3,330. Filed May 29, 1900.]

LANDLORD AND TENANT.—*Sale of Real Estate.—Action for Possession.*
—*Parties.*—Where a landlord conveyed real estate in the possession
of a tenant, an action for possession must be brought in the name
of the grantee or owner, although it was agreed that the grantor
was to deliver possession at the termination of the lease, and that
the tenant·was to continue as the tenant of grantor until such
. delivery.

From the Howard Circuit Court. *Affirmed.*

*J. C. Blacklidge, C. C. Shirley, Conrad Wolf* and *Charl-
ton Bull,* for appellant.

*L. J. Kirkpatrick, J. F. Morrison, T. C. McReynolds*
and *Josiah Stanley,* for appellee.

WILEY, J.—This cause was transferred from the Su-
preme Court. The complaint was originally in three para-
graphs, to the second and third of which a demurrer was
sustained. Thereupon appellant dismissed as to the first,
and elected to stand upon the ruling of the court in sus-

taining the demurrer to the second and third paragraphs, and judgment was rendered against him for costs. By the assignment of errors the action of the court in sustaining the demurrer to the second and third paragraphs of complaint is presented for review.

The second paragraph avers that on the 1st day of September, 1895, appellant leased, in writing, to appellee, for a period of one year, certain real estate; that by the terms of the lease appellee was to have possession of the buildings thereon until March 1, 1897; that, subsequently, the time for the expiration of the lease was extended by mutual consent to August 31, 1897, at which time the appellee agreed to surrender the possession of the premises to appellant; that said time has long since passed, but appellee refuses to surrender the same; that there is on said real estate a large amount of growing clover, and standing corn, sown and planted under the terms of said lease, which belongs to appellant; that appellee has removed the fences protecting the orchard and exposed the same to the ravages of stock; that appellee refuses to surrender the possession of said premises, and avows his intention to hold the same, to pasture said clover, and trample said corn; that the damages that have thus been and will hereafter be inflicted thereon are irreparable, and that appellee is insolvent. It is then averred that, relying upon the agreement of appellee to surrender possession to appellant September 1, 1897, appellant, in May, 1897, sold the said real estate to one Troyer, agreeing with said Troyer, in consideration of said purchase, to secure from appellee and to deliver to such purchaser the full possession of said premises on the 1st day of September, 1897, and until said possession was secured, said appellee should continue and remain the tenant of appellant; that appellant agreed with said Troyer that he would protect said premises from injury and would indemnify him for any injury sustained after said sale. The prayer of this paragraph is that a temporary restraining

Holliday *v.* Chism.

order be issued, restraining appellee from committing further waste or damage; that he have possession of said premises, and have judgment for damages, etc.

The third paragraph is like the second, except it does not ask for injunctive relief, and it contains the additional averments that appellee knew when said lease was extended that appellant was contemplating a sale of the real estate, and that appellee agreed that if such sale was made he would surrender to the purchaser the possession September 1, 1897. The question thus presented is: Does the complaint show any right of action in appellant? Appellant concedes the rule to be that if a landlord conveys real estate in the possession of a tenant, and such conveyance is without any reservation, an action for possession must be brought in the name of the grantee or owner. This is evidently the view taken by the Supreme Court in transferring the case here, for if the relation of landlord and tenant does not here exist it is clear that this court is without jurisdiction. This court has not jurisdiction in possessory actions for real estate unless the relation of landlord and tenant exists between the parties, It follows from this that the Supreme Court must have held that at least one of these paragraphs of complaint, for the purposes of this action, showed that the relation of landlord and tenant did exist. Otherwise, the jurisdiction was in that court. In any event, the statute makes a transfer by either court to the other final. If appellant is the real party in interest, as shown by his complaint, then he may maintain the action; for, under the statute, an action can only be prosecuted by the real party in interest. §251 Burns 1894.

As to whether appellant can maintain the action under the averments of the complaint depends upon the construction of §§251, 1086 Burns 1894, §§251, 1073 Horner 1897. Section 251, *supra,* is as follows: "Every action must be prosecuted in the name of the real party in interest," etc. Section 1086 (1073), *supra,* reads as follows: "Any per-

son having a right to recover the possession of real estate, or to quiet title thereto in the name of any other person or persons, shall have a right to recover possession or quiet title in his own name; and no action shall be defeated or reversed where it might have been successfully maintained by the plaintiff, in the name of another, to inure to his benefit," etc.

The case of *Chapman* v. *Jones,* 149 Ind. 434, is decisive of the question here presented. There appellees prosecuted an action to quiet title to real estate. The complaint averred that they had conveyed the real estate to certain persons, naming them; that their grantees had also conveyed the land to other persons, and that appellants were claiming some right or interest in said real estate, which they asserted was paramount to the title conveyed by appellees. It was urged by appellees that where an action of ejectment is brought, the defendant may notify his grantor, where the grant was by warranty deed, to come in and defend the title, and, upon such notice, he may be permitted to defend, and that when such notice is given, whether the grantor defends or not, the judgment, if in favor of plaintiff, will be conclusive upon such grantor that such successful plaintiff's title was paramount to such grantor's title. In deciding the question, the court said: "Conceding, without deciding, that such is the law, yet it would not follow that such grantor by warranty deed could prosecute a suit against one who might seize the possession of the land granted by him to another by warranty deed, for the purpose of protecting his warranty, or for any other purpose. To permit such a suit to be maintained would violate a fundamental principle of our code, requiring every action to be prosecuted in the name of the real party in interest. §251 Burns 1894, §251 R. S. 1881. So strong is this rule, that notwithstanding §1086 Burns 1894, §1073 R. S. 1881, authorizing any person having a right to recover the possession of real estate, or to quiet title thereto, in the

name of another person or persons, to prosecute either action in his own name, it has been held that it must be construed along with §251, *supra,* so that, under the two sections, no such action can be brought in any other than the name of the real party in interest. *Peck* v. *Sims,* 120 Ind. 345. Prior to the enactment of §1086 (1073), *supra,* if lands were conveyed while in the adverse possession of a third person, a suit for possession could be prosecuted in the name of the grantor for the use of the grantee. *Steeple* v. *Downing,* 60 Ind. 478; *Burk* v. *Andis,* 98 Ind. 59. But that can no longer be done, under the two sections of the code. The action now must be brought in the name of the real party in interest, under the operation of the two sections," etc.

The case of *Peck* v. *Sims, supra,* is also in point, and it was there held that one who has conveyed land adversely occupied by another can not maintain an action in his own name to recover possession for the benefit of his grantee, and that such action must be brought in the name of the grantee, who is the real party in interest. The rule announced in these two cases is certainly a sound one. If the rule were otherwise, the party in possession might be harassed by two suits. If the grantor can prosecute the action, and should be defeated, then the grantee could also bring his action in ejectment, as he was not a party to the action of his grantor, and hence would not be bound by it. The party in possession would thus be harassed by a multiplicity of suits.

Each paragraph of the complaint affirmatively shows that Troyer was to have possession of the real estate conveyed September 1, 1897. It therefore appears that he was the real party in interest, and, under the statutes and the authorities cited, was the only person authorized to prosecute an action against appellant for possession. The court correctly sustained the demurrer to the second and third paragraphs of complaint.

Judgment affirmed.