## THE STATE, EX REL. CLOSSON v. DAVID.

[No. 3,251. Filed October 4, 1900.]

TRIAL.—*Separation of Witnesses.—Violation of Court's Order.—Exclusion of Evidence.*—Where a witness disobeys an order of the court directing a separation of witnesses, a party, who is without fault, will not be denied the right of having such witness testify. *pp. 298-302.*

EVIDENCE.—*Opinion of Witness.—Bastardy.*—Where on a trial for bastardy the relatrix testified that the acts of intimacy between her and the defendant took place in a room where a man and his wife were sleeping, and that defendant came to her quietly from an adjoining room while the others were asleep, it was proper for the wife, who as a witness for defendant stated that she did not hear him enter the room, to testify that she was easily awaked. *p. 302.*

From the Monroe Circuit Court. *Reversed.*

*J. R. East* and *R. G. Miller,* for appellant.

*J. E. Henley, J. B. Wilson, R. W. Miers* and *E. Corr,* for appellee.

COMSTOCK, J.—Prosecution for bastardy. The relatrix testified that she was an unmarried woman; that on the 21st, 23rd, and 27th days of August, and on the 3rd day of September, 1897, she had sexual intercourse with the defendant. That she had her monthly sickness about the 29th of

August, 1897, and did not have a return thereof afterwards; that she was delivered of a bastard child May 29, 1898, and that appellee was its father. She was sustained by the proof of admissions by the defendant of improper relations with her. Appellee, when arrested, escaped from the officers and fled to Illinois. He gave as a reason for his flight that he had been told that it was hard to get out of such a case. He testified that he had never had sexual intercourse with the relatrix. Two witnesses testified in behalf of appellee that they had had improper relations with the relatrix.

The first reason for a new trial discussed is the refusal of the court to permit one Otto Hotzer, who had been sworn as a witness in behalf of appellant, to testify. The witnesses, before a statement of the cause had been made, had been sworn and charged by the court not to be present during the hearing of the testimony. The witness having been called to the witness stand and sworn said that he had been in the court room and had heard a part of the testimony of the relatrix, but that he had not heard the instruction of the court; that he had not been served with process; that he knew nothing about any service; that he had come to hear the trial.

The attorneys for appellant stated that they were not personally acquainted with the witness Hotzer; did not know him; did not know that he had heard any part of the testimony of the relatrix or of any other witness. Appellant then proposed to prove by said witness the following facts: "That on the last of October or the first of November, 1897, said witness had a conversation with the defendant, James A. David, in which conversation the defendant told him (the witness) that he had the relatrix in a family way and asked the witness to tell him what kind of medicine to give her for it." The court refused to allow the witness to testify for the reason that the plaintiff and relatrix had been negligent in not having him properly served with process and in not preventing the witness from hearing the testimony of the relatrix.

In support of the motion for a new trial, appellant filed the affidavit of the relatrix that she was present at the time the witnesses were sworn and instructed to retire from the court room, and when the witness Hotzer was placed upon the witness stand to testify in her behalf, but that up to that time she did not know that he was in the court room, or that he had heard the testimony or any part of the testimony of any witness. Also the affidavits of J. R. East and Robert G. Miller, that they were the only counsel for the plaintiff and were present during the trial of the cause, but that before the witness Hotzer was put on the witness stand, they did not have any knowledge of his presence in the court room, or that he had heard any testimony in the cause; that said witness had been served by copy of subpœna left at his last usual place of residence, as they were informed; that they did not directly or indirectly cause said witness to remain in the court room and hear any part of the testimony of the relatrix or that of any other person in the case.

We have given the foregoing statement of the evidence introduced to show the importance of that which was excluded.

In *Davis* v. *Byrd,* 94 Ind. 525, the trial court had ordered a separation of the witnesses; a witness for the appellant had notice, although not in the court room at the time it was made; he came into the court room and remained while several witnesses were testifying. It did not appear that appellant was in any way responsible for his presence or had any knowledge of his violation of the order of court. Upon motion of appellee, the testimony of the witness was excluded. The judgment of the trial court was reversed. The court say: "A witness who disobeys the order of the court excluding him from the court room should be punished, and severely punished, for his disobedience, but this punishment should fall on the guilty person, and not on an innocent party. It is difficult to imagine any principle of law which will justify the punishment of an innocent party

for the contumacious behavior of a witness. A litigant has no authority over the witnesses subpœnæd by him, and is not answerable for their wrongful conduct, and he ought not to be denied a right because a wrong has been committed for which he is neither morally nor legally responsible. It may be a very serious punishment to be deprived of the testimony of a witness, and if the party is himself free from fault, this punishment should not be visited on him; if, however, he is in fault, if he has directly or indirectly influenced the witness to disobey the order of the court, or if he has knowingly suffered it, then it is but just that he should pay the penalty of his wrongful act by the loss of the witness' testimony. We hold the true rule to be this: Where a party is without fault, and a witness disobeys an order directing a separation of witnesses, the party shall not be denied the right of having the witness testify, but the conduct of the witness may go to the jury upon the question of his credibility. The modern authorities are overwhelmingly in favor of this doctrine. Mr. Bishop says: 'On the other hand, if the party was without fault, the judge has no right to punish his innocence by depriving him of his evidence, and ruin him at the will of a witness. The testimony should be admitted, subject to observation to the jury. Such is the law in principle. * * * Other judges, less mindful of these reasons, appear to deem it within their discretion in all cases of disobedience to the order to reject the witness.' 1 Bishop Crim. Proc., §§1191, 1192. An English author gives this statement of the rule: 'But it seems to be now settled, that the judge has *no right to reject the witness* on this ground, however much his wilful disobedience of the order may lessen the value of his evidence.' 2 Taylor Ev. 1210. The same doctrine is found in 2 Phillipps Ev. (5th Am. ed.) 744. Among the cases supporting the conclusion which we here announce are: *Davenport* v. *Ogg,* 15 Kan. 363; *Pleasant* v. *State,* 15 Ark. 624; *State* v. *Salge,* 2 Nev. 321; *Grimes* v. *Martin,* 10 Iowa

347; *Bell* v. *State*, 44 Ala. 393; *Keith* v. *Wilson*, 6 Mo. 435; *People* v. *Boscovitch*, 20 Cal. 436; *Hopper* v. *Commonwealth*, 6 Grat. 684; *Gregg* v. *State*, 3 W. Va. 705; *Rooks* v. *State*, 65 Ga. 330; *Smith* v. *State*, 4 Lea (Tenn.) 428; *Bulliner* v. *People*, 95 Ill. 394."

In *Burk* v. *Andis*, 98 Ind. 59, 60, one reason for a new trial was the refusal of the court to permit a witness to testify upon behalf of the defendant. The witness had been sworn, and had heard the court order him to stay out of the court-house while the witnesses were testifying, but paid no attention to it. The Supreme Court in the opinion, say: "The exclusion of the testimony of such witnesses has heretofore been intimated in Indiana to be a matter within the discretion of the court trying the cause, and it has been stated that whether the testimony of the disobedient witness was admitted or rejected, this court would not interfere unless it appeared that such discretion had been abused. *Porter* v. *State*, 2 Ind. 435; *Jackson* v. *State*, 14 Ind. 327. But in the recent case of *Davis* v. *Byrd*, 94 Ind. 525, this court said", quoting the rule as above set out, and upon the authority of that case reversed the judgment.

In *Taylor* v. *State*, 130 Ind. 66, the trial court excluded a witness. In the opinion it is stated: "It appeared that the witness had not been subpœnæd, and did not know that she would be called upon to testify in the cause, but the appellant knew she was in possession of the facts which he proposed to prove by her. He and his counsel denied all knowledge of the fact that the witness was in the court room during the trial. The court nevertheless refused to allow her to testify in the cause. The fact proposed to be proved by her was material to the defense in the cause. We think the court erred in excluding the evidence of the witness." Reference is made in the opinion to *Davis* v. *Byrd, supra; Burk* v. *Andis, supra;* and *State* v. *Thomas*, 111 Ind. 515.

In the case at bar, by the ruling of the court complained of, the State was deprived of material evidence to which it

was entitled. It does not sufficiently appear that either the State or the relatrix was responsible for the non-compliance with the order of the court. Nor does it appear that the appellant was negligent in the manner of the service of process upon the witness. It does appear that counsel for appellant and the relatrix were ignorant of the presence of the witness. While the witness by the violation of the order of the court would render himself liable for contempt, the State could not by his misconduct alone be deprived of his testimony. Under the foregoing decisions, the court erred in excluding the offered evidence.

The other reasons for a new trial discussed are the admission of certain testimony of Mary N. Hadden and Joseph Hadden. The relatrix testified in her examination in chief that the acts of intimacy between her and the appellee had occurred in a room where Joseph and Mary Hadden and others were sleeping, and that the appellee had come to her bed quietly while the others were asleep. The appellee slept in an adjoining room. In behalf of appellee, Mary Hadden testified that she did not hear him get out of his bed at any time and go to the bed of the relatrix. She was then asked whether she was easily awakened after she had gone to sleep; appellant's objection to the question was overruled and the witness answered that she was easily awakened. Over the objection of appellant, Joseph Hadden was permitted to testify that his wife, Mary Ann Hadden, was easily awakened after she had gone to sleep. The objection urged to this action of the court is that the question called for an opinion, and not the statement of a fact. In this ruling there was no error. The opinion was one these witnesses were competent to give.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial.