HUBLER and Another *v.* PULLEN and Others.

The complaint may be amended by substituting parties different from those in whose names the suit was originally brought, if such amendment does not substantially change the claim or defense.

Such amendment will not entitle the defendant to a continuance.

An application for a continuance, in such case, must be supported by affidavit, showing wherein the defendant is prejudiced by the amendment.

Where the plaintiff failed to answer interrogatories, though an order directing him to answer was made when they were filed, he was in default, and hence, cannot complain that no further steps were taken to enforce an answer, until the calling of the cause for trial.

All defenses, except the mere denial of facts which the plaintiff, to sustain his action, is bound to prove, must be specially pleaded.

Though the complaint ordinarily avers that the claim sued upon has not been paid, proof of that averment is not required, and it is not put in issue by a general denial.

The defendant cannot avail himself of the defense of payment without pleading it; and when pleaded, if there be no reply, there can be no trial, for want of an issue.

APPEAL from the *Tippecanoe* Court of Common Pleas. *Saturday, June 6.*

DAVISON, J.—This was an action upon a bill of exchange for 718 dollars. The bill is dated *Cincinnati, July* the 14th, 1854. It was drawn by the *Ironton Rolling Mill Company,* payable to themselves at *Reynolds's* Bank, *Lafayette, Indiana,* at six months. It was accepted by *Hubler* and *Falley,* who were the defendants below, and indorsed by the company to the appellees, who were the plaintiffs.

The defendants answered the complaint—*First.* By a general denial. *Secondly.* That the plaintiffs are not the real parties in interest. Upon the filing of the answer, the Court, over the defendants' objection, permitted the complaint to be amended by substituting the names *Richard B. Pullen,* and *Thomas S. Brown,* for those of *Robert Pullen* and *Joseph S. Pullen*—the last two being names in which the suit was originally instituted. Thereupon, the defendants moved for a continuance; but their motion was overruled. They then, by leave, &c., filed additional paragraphs to their answer, as follows: *Thirdly.* That other parties, and not the plaintiffs, are the real parties in interest. *Fourthly.* That the defendants have fully paid the bill

sued on. They also filed interrogatories directed to the plaintiffs, requiring them to answer, "Whether the defendants, or one of them, had not paid the plaintiffs money which is not credited on the bill sued on; and if so, how much?" The record shows an order of the Court directing the interrogatories to be answered, though it does not appear that they were accompanied by affidavit. And upon the calling of the cause for trial, the defendants moved for a rule on the plaintiffs to answer the interrogatories; but their motion was not sustained.

Issues were made on the second and third defenses; but to the fourth there was no reply. The cause was submitted to the Court for trial, and final judgment given for the plaintiffs.

The first inquiry relates to the amendment of the complaint, whereby the Court allowed the substitution of names different from those in which the suit was originally brought.

The code says, " The Court may at any time, in its discretion, and upon such terms as may be deemed proper, for the furtherance of justice, direct the name of any party to be added or struck out; a mistake in name, &c., to be corrected; * * * * when the amendment does not substantially change the claim or defense." 2 R. S. p. 48. This provision evidently embraces the amendment under consideration. The action of the Court in giving leave to amend, seems to have been in furtherance of justice, and not in prejudice of the defendants' rights.

But they insist that the amendment, though it may have been properly allowed, entitled them to a continuance. We are not of that opinion. By the mere change of names, the cause of action stated in the complaint could not be substantially varied. Moreover, the application for the continuance should have been supported by an affidavit, showing distinctly in what respect the defendants were, by the amendment, prejudiced in their preparation for trial. 2 R. S. p. 48.

Again, the refusal of the Court to grant a rule on the plaintiffs to answer the interrogatories, is assigned for error

It is enacted that, "either party may propound interroga-
tories to be filed with the pleadings, &c., and require the
opposite party to answer the same under oath. All in-
terrogatories must be answered within the time limited,
&c.; and the Court may enforce the answer by attach-
ment or otherwise, &c. *Provided*, that in the absence of
such opposite party, the filing of the interrogatories shall
not work a continuance of the cause, unless it be shown to
the Court by affidavit, that the party who files the inter-
rogatories expects to elicit facts by the answer, material to
him on the trial," &c. Acts of 1855, p. 59. The proviso
does not apply to the present inquiry, because the record
does not show the absence of the plaintiffs. It must, there-
fore, be presumed that they were present during the trial.
We have decided that a mere failure to answer such inter-
rogatories, was no cause to delay the trial; that the party
requiring such answer, should take the proper steps to en-
force it. *Lent* v. *Knott*, 7 Ind. R. 230.—*Rice* v. *Derby*,
*id.* 649. In this instance, however, the plaintiffs failed to
answer the interrogatories, though an order directing such
answer was made when they were filed. The plaintiffs
were, therefore, in default; and it is not for them to com-
plain that no further steps were taken to enforce an answer
until the calling of the cause for trial.

We think the motion to grant a rule should have been
sustained.

It remains to be inquired whether the failure of the
plaintiffs to reply to the defense of payment, is ground for
the reversal of the judgment.

The appellees contend that payment of the bill in suit
could have been given in evidence under the general de-
nial; and hence, the omission of a reply to the fourth par-
agraph of the answer was not essential to a full trial of
the cause. The code provides that, "all defenses, except
the mere denial of the facts alleged by the plaintiff, shall
be specially pleaded." 2 R. S. p. 42, s. 66. This evidently
means facts which the plaintiff, to sustain his action, is
bound to prove. The complaint, it is true, ordinarily avers
that the instrument sued on has not been paid; still, proof

of that averment is not required, and, therefore, it is not put in issue by a general denial. Under the *New York* code, which contains a provision similar to the one above quoted, it has been decided that "every matter of fact which goes to defeat the cause of action, and which the plaintiff is not under the necessity of proving, in order to make out his case, must be alleged in the answer." And further, it has been held, "that there is no way in which the defendant can avail himself of the defense of payment without pleading it." See Van Santv. Pl. pp. 406, 407, 455, and authorities there cited (1).

We are of opinion that it was not competent for the defendants to give evidence of payment under the general denial; and there being no reply to the fourth defense, there was, in effect, a trial without an issue, which has been often adjudged erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. A. Wood* and *D. P. Vinton*, for the appellants.

*E. H. Brackett* and *J. O'Brian*, for the appellees.

---

(1) Per JOHNSON, J., in *Stoddart* v. *Onondaga Annual Conference*, 12 Barb. S. C. 575. Mr. VAN SANTVOORD says that "The phraseology in which this proposition is clothed may, perhaps, suggest criticism. Its meaning, however, I apprehend is, that every fact which the plaintiff, in the first instance, is under the necessity of proving to sustain his action, or every matter of fact which *must* or *may* be alleged in a good complaint, is the proper subject of denial; but that all other matters, that is to say, matters which do not go merely to controvert a *fact*, or *the facts* in the complaint, must be set up affirmatively in the answer, and the proposition, in a general sense, it is thought, may be sustained on both principle and authority." Van Santv. Pl. 407. See 6 How. Pr. R. 298; *Fay* v. *Grimsteed*, 10 Barb. S. C. 321; *Houghton* v. *Townsend*, 8 How. Pr. R. 441; *Catlin* v. *Gunter*, 1 Duer, 253; *Livingston* v. *Finkle*, 8 How. Pr. R. 486.

"No defense which does not controvert any *material* allegation of the complaint, can be given in evidence under a general or special traverse." Per SELDEN, J., in *Benedict* v. *Seymour*, 6 How. Pr. R. 298; Van Santv. Pl. 416. "Those allegations only in a complaint are to be deemed *material*, which the plaintiff must prove on the trial, in order to maintain his action; and it is upon these only that an issue can be taken by specific denial." Van Santv. Pl. 416; *Garvey* v. *Fowler*, 5 Sandf. 54.

In *Edson* v. *Dillage*, 8 How. Pr. R. 273, "denials of non-payment and indebtedness were adjudged frivolous, and ordered to be struck out." "No new matter, it was said, would be admissible in evidence under them. The defend-

ant could not prove payment or any other imaginable defense, because not set up in the answer. The making of the note being admitted, and no new fact being set up in the answer why the defendant ought not to pay it, his liability to pay it is a legal conclusion which he cannot escape. Mere general denials of indebtedness are, therefore, not available for any purpose." Van Santv. Pl. 410, 411. See, also, *Drake* v. *Cockroft*, 10 How. Pr. R. 277 ; 1 Abbott's Pr. R. 263 ; *Houghton* v. *Townsend*, 8 How. Pr. R. 441. Payment as an entire defense must be pleaded. *Patterson* v. *Taylor*, 7 Barb. S. C. 250, HAND, J. ; Van Santv. Pl. 455. See, also, Van Santv. Pl. 469, 470, where it is said that those defenses which admit that there was a sufficient contract, or cause of action, but avoid it by subsequent matter, or show that the cause of action has been discharged, should always, in order to entitle the defendant to give evidence of his defense, be specially alleged in his answer. Release, parol discharge, alteration in terms of contract by consent, non-performance by plaintiff of condition precedent, contract become illegal or impossible to be performed, insolvent discharge of the defendant, accord and satisfaction, tender, arbitrament, former recovery or trial and judgment on the same demand, higher security given, statute of limitations, set-off or counter-claim of any description, *payment*, and performance, are specified as defenses of this kind.