Lake Erie and Western Railroad Co. *et al. v.* The Town of Boswell.

16,699.

THE LAKE ERIE AND WESTERN RAILROAD COMPANY ET AL.
*v.* THE TOWN OF BOSWELL.

PARTIES.—*Plaintiff.*—*Substitution.*—*Practice.*—It is not error, by permission of court, to substitute a party plaintiff, where the issues are not thereby changed, and the statute of limitations, or some like question, is not involved.

HIGHWAY.— *Streets and Alleys.*— *Dedication.*— *Railroad Crossing.*— *Estoppel.*—Where a railroad company kept its deed for right of way off the records for ten years, leaving its title to its right of way, during that time, to stand wholly upon the recorded plat of the town, which showed the street duly laid out across the right of way, and by its acts for the period of over fifteen years the company recognized the existence of the street, even so far as making maps for the use of its officers and employes, and for public record, as required by statute, in which the street was shown to extend across the right of way, and suffered the town and private persons to make improvements upon the street in faith of the existence of the crossing, and suffered the public to use the crossing as a public street, opening its trains for that purpose,—such acts are sufficient to constitute a dedication of the right of way for street purposes, and to estop the company from denying the rights of the public therein for street purposes.

From the Benton Circuit Court.

*W. E. Hackedorn, F. S. Foote, T. L. Merrick, I. H. Phares* and *J. B. Cockrum,* for appellants.

*D. Fraser* and *W. Isham,* for appellee.

HOWARD, C. J.—This was a suit to enjoin the appellants from interfering with the free use of a public street in the town of Boswell, in Benton county.

It is first alleged as error that the court overruled appellants, motion to dismiss the case and dissolve the injunction, for the reason that the complaint was insufficient as to all the plaintiffs. This error was more properly reached by the demurrer to the complaint, on the filing of which the court permitted the substitution of the town

of Boswell as plaintiff instead of the trustees of the town. An amended complaint was then filed, whereupon the defect in the complaint having been cured, the court overruled the demurrer.

Whatever informality there may have been in the action of the court, we think the proper result was arrived at. The same end would finally have been attained if the suit were dismissed, and a new suit brought in the name of the proper party.    But we are of opinion, as said in *Burk* v. *Andis*, 98 Ind. 59, that "a plaintiff in such a case ought not to be compelled to dismiss his suit and bring a new one," when a simple amendment to the complaint would save both delay and additional costs. This is undoubtedly correct wherever the issues are not thereby changed and the statute of limitations, or some like question, is not involved.

By section 397, R. S. 1894, the complaint might have been amended at any time before answer, even without leave of court, and afterwards with leave.    The amendment was one proper to be made, and appellants offered no objection thereto.

In *Burk* v. *Andis*, cited above, which was a suit in ejectment, it was expressly held that a complaint may be amended, by leave of court, by substituting a new party as plaintiff.

The street in question, it is alleged, crosses the appellant railroad company's right of way; and, it is contended, that the ground occupied by the alleged crossing having been once appropriated as a part of the railroad right of way, can not afterwards be appropriated for a public street.    We do not think that the public can be thus fenced in by railroad tracks, no matter in what manner the rights of way have been acquired.

That a railroad right of way is, in a sense, a public

highway, and can not, therefore, be appropriated for other public uses to the destruction of its use for railroad purposes, may be conceded. One railroad, however, may, under proper restrictions, cross another railroad, and each enjoy the use of the common crossing. A railroad may, also, in a proper case, cross a public highway, and neither be deprived of the equal right to the crossing. And so, too, the community can not be deprived of the right, by proper proceedings, to extend its public highways across the right of way of any railroad. To say the least, the right in the railroad as a *quasi* public highway, can not, as to the common crossing, be any greater than the right in the public highway as to the same crossing.

The authorities cited by counsel do not, as we think, sustain their contention in this regard.

In *Baltimore, etc., R. R. Co.* v. *North,* 103 Ind. 486, the appellee North, as drainage commissioner, under direction of the circuit court, was proceeding to establish a public ditch along and upon the railroad right of way, and the question was as to "the court's jurisdiction of the subject-matter of the proposed drainage, in so far as the same extended longitudinally in, along and through the appellant's right of way." It was found, in that case, that the use of the ground for the railway and for drainage, could not both stand together, and that "the latter, if exercised, must greatly endanger, if it do not destroy, the exercise of the former use." It was not found, in that case, that a public drain might not be laid out across a railroad right of way.

In *City of Valparaiso* v. *Chicago, etc., R. W. Co.,* 123 Ind. 467, the land sought to be appropriated for a public street was in actual use for railroad right of way and for depot purposes; and it was found by the jury that

the land proposed to be taken was necessary to the railroad company for the proper operating of the road. The question as to the right to a street crossing over the railroad track was not otherwise before the court.

In *City of Seymour* v. *Jeffersonville, etc., R. R. Co.*, 126 Ind. 466, the city attempted to appropriate for a street a strip of ground, sixty feet in width, which was occupied by the railroad track. It was correctly held that this could not be done. A railroad company can not take possession of and run its tracks along the line of a public street or highway against the consent of the public authorities, so as to appropriate and practically absorb the use of the highway; neither, in like case, can a public street or highway be run along and upon a railroad right of way without the consent of the railroad company. But, by proper proceedings, either may cross the other, provided the use of the common crossing is not thereby substantially destroyed as to the original occupant.

The question for decision in the case at bar is, therefore, whether Center street, the street in question, in the town of Boswell, has been laid out and established across appellant's right of way in any mode recognized and provided by law for the location of public streets.

The findings of the court, which, we think, are sustained by the evidence, show:—

That the appellant railroad company and its predecessors have occupied the right of way over the ground in dispute since 1870, but that the deed of the company to its right of way was not put on record until 1880.

That, in 1871, Elizabeth Scott became the owner of a tract of land over which the railroad right of way extends. including the ground occupied by the alleged crossing, and that at the time of her said purchase she

knew that the railroad company occupied said right of way.

That in 1872 Elizabeth Scott platted the tract of land so purchased by her, and placed the same upon record as the town of Boswell, showing upon said plat, amongst other things, the location of Center street, across said right of way.

That on said right of way, as marked upon said plat, was entered a statement, granting to said company the right to use said right of way for its railroad purposes, but retaining in the grantor the fee simple in said strip and the right to use the same for all purposes not inconsistent with its use for railroad purposes. That the company had no other record title to its said right of way until 1880, when its deed was recorded.

That in 1889 the marshal of said town of Boswell, by direction of one of the town trustees, entered upon said right of way, at the place of the crossing of Center street, as shown on the plat, and did some grading with the view of making a suitable street crossing over the right of way; and while said grading was in progress the company caused side ditches to be cut through the embankments so made by the marshal, in such manner as to make the crossing impassable.

That at the crossings of two other streets parallel with Center street, as shown on the plat of the town, the company has planked and placed the streets in proper condition for travel over its track, but has never done so at Center street.

That ever since the recording of said plat, up to the time of the digging of said ditches over the street at the crossing, there has been travel over the crossing at Center street by the public, on foot, on horseback, and in empty vehicles; but the condition of the crossing has not

been such as to admit the passage of loaded wagons with facility.

That Center street, as shown on the plat, together with the improvements along the line on either side, extends from the public highway on the north side of the town, across said right of way, and intersecting two streets on the south side of the right of way; and has, to a limited extent, been used and occupied as a public thoroughfare since the settlement of the town, in 1872. That it was so used without objection from the company until the cutting of such ditches.

That, from time to time, for the past fifteen years, said street has been improved and graded to a limited degree on each side of the right of way, up to and upon the same, without objection from the company.

That, during 1888, the town marshal conferred with the appellant Peterson, then section foreman of said company, as to measurements for the location of the grade for said crossing; and, at the request of said Peterson, the marshal agreed to extend the grade along the east side of the street, so as not to embarrass the operation of a switch located near the west line of said street.

That thereafter, while the marshal was making said improvement, the company's roadmaster came upon the crossing, and the marshal pointed out the measurement made by Peterson and the place indicated by Peterson where the roadway should be; and the roadmaster consented to the same and requested the marshal to make the grade in accordance with the request of Peterson. That thereafter the town laid out an amount of work and labor, poll-tax, and material upon said improvement, without objection from the company.

That before the commencement of this suit, the company, for the use of its officers and employes, made and constructed, from actual measurements and surveys, a map

of its right of way through the town, showing, amongst other things, Center street across said right of way.

That between 1872 and 1880 said company filed, in the office of the clerk of the Benton Circuit Court, under requirements of the statutes, a map or plat of the town of Boswell, showing Center street thereon as crossing its right of way, as said street does in fact cross.

That for at least ten years last past, the company's engineers, brakemen and conductors, in the management and operation of its trains, have, at times, at the requirement of the marshal, opened a right of way by cutting its trains at Center street so that teams and persons could pass.

That prior to 1880 many persons bought lots fronting on Center street, on both sides of said right of way, and erected houses, churches and other buildings, and planted trees and made other improvements, on the full faith that said street extended across the right of way, as shown on the plat of said town, and without knowledge of any other title of said company to said right of way than the statement of grant entered upon said plat by said Elizabeth Scott; that many of said improvements would not otherwise have been made, and that the value of the property of said persons will be depreciated if said crossing is closed.

It would seem that the facts so found are sufficient to show a common law dedication of the crossing to the public, and that the railroad company is estopped from denying the existence of Center street across its right of way. The facts also show an acceptance by user of the crossing on the part of the public. They show, too, an acceptance by the town authorities in the improvement of the street at the crossing.

An implied dedication of a public highway is made by acts or a course of conduct from which the law will in-

Lake Erie and Western Railroad Co. *et al. v.* The Town of Boswell.

fer an intent to dedicate. It will exist without any express grant, and is founded on the doctrine of equitable estoppel. The public, as well as individuals, have a right to rely upon the conduct of the owner as indicative of his intent; and if his acts are such as would fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate, and his acts are so received and relied upon by the public, the dedication is complete. The intent to dedicate will be inferred from the acts. Elliott's Roads and Streets, chapter V, and notes; *Maus v. City of Springfield,* 101 Mo. 613; *Commonwealth v. Moorehead,* 118 Pa. St. 344.

In this case, the company kept its deed off the records for ten years, leaving its title to its right of way, during that time, to stand wholly upon the recorded plat of the town, which showed the street duly laid out across the right of way. The statement in the recorded plat also showed a claim of ownership in the right of way as against the company. By its acts, for the period of over eighteen years, the company recognized the existence of the street, even so far as making maps for the use of its officers and employes, and for public record as required by statute, in which the street was shown extending across the right of way. It suffered the town and private persons to make improvements upon the street in faith of the existence of the crossing. During the whole life of the town, up to May, 1889, the company suffered the public to use the crossing as a public street, opening its trains, also, for that purpose.

We think there can be no doubt that the intent to dedicate might be fairly inferred.

Other questions are discussed by counsel, but they are not such as need be further considered, as we are satisfied that the court arrived at a correct conclusion.

The judgment is affirmed.

Filed April 3, 1894.