# DAVIS v. KING.

[No. 22,494. Filed November 18, 1913.]

1. PLEADING.— *Complaint.— Amendment.— Names of Parties.— Actions Commenced Before Justice of the Peace.*—Under §251 Burns 1908, §251 R. S. 1881, requiring actions to be prosecuted in the name of the real party in interest, §1753 Burns 1908, Acts 1885 p. 112, relating to amendments of pleadings before justices of the peace, and §1793 Burns 1908, §1502 R. S. 1881, providing that appeals from justices to the circuit courts shall be tried by the latter under the rules and regulations prescribed for trials before justices, and that amendments of the pleadings may be made on such terms, as to costs and continuances, as the court may order, it was not error for the court, during the trial of a

landlord's action for possession commenced before a justice of the peace by a complaint in the name of one as "agent and legal representative" of such landlord, to sustain a motion to amend the complaint, etc., by substituting the name of such landlord as the party plaintiff.   p. 389.

From Marion Circuit Court (19,923) ; *Charles Remster,* Judge.

Action by Thomas W. King against Louis J. Davis.  From a judgment for plaintiff, the defendant appeals.   (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Affirmed.*

*W. E. Henderson,* for appellant.
*William Pirtle Herod,* for appellee.

Morris, J.—Appellee sued appellant before a justice of the peace to recover possession of leased premises, and for damages for the alleged unlawful detention thereof.   In the caption and body of the complaint the plaintiff is designated as "John G. McCullough, agent and legal representative for Thomas W. King." It appears that the real estate was owned by appellee, and was originally rented to appellant by a written lease signed by "John G. McCullough, agent"; that McCullough, in such transaction, was acting as rental agent for appellee.   The justice rendered judgment in favor of plaintiff and appellant appealed the cause to the circuit court.

During the progress of the trial in the circuit court the plaintiff filed the following motion:   "Comes now Thomas W. King and asks leave of court for an order to be allowed to amend his complaint and pleadings in this action by substituting Thomas W. King as the plaintiff, instead of 'John G. McCullough, agent and legal representative for.'   That said Thomas W. King is the landlord of certain premises described in the complaint and the only real party in interest in this action, and that the summons and all other pleadings be amended to conform to the amended complaint."  The record recites that the motion was sustained, and ap-

pellant excepted to the ruling. Thereupon the hearing of the cause was resumed without further objection by appellant. There was a finding and judgment for appellee. Appellant's motion for a new trial, assigning as causes therefor the insufficiency of the evidence, and the ruling of the court on the above motion was overruled. The only error assigned here is the overruling of the motion for a new trial.

Section 1753 Burns 1908, Acts 1885 p. 112, relating to amendments of pleadings, in actions before justices, authorizes them during the trial, and expressly provides,

1. that such amendment shall not cause a continuance, unless the party against whom the amendment is made shall show by affidavit that additional proof will be required of him because of such amendment. Section 1793 Burns 1908, §1502 R. S. 1881, provides that appeals from justices to the circuit court shall be tried by the latter "under the same rules and regulations prescribed for trials before justices; and amendments of the pleadings may be made on such terms, as to costs and continuances, as the court may order." Section 251 Burns 1908, §251 R. S. 1881, requires actions to be prosecuted "in the name of the real party in interest." It seems to be appellant's theory that the effect of sustaining the motion was to change the plaintiff by substituting a person as sole plaintiff, different from the one who commenced the action. In this view we cannot concur. The motion only contemplated the accurate designation of the existing plaintiff by eliminating superfluous words. The effect of granting the motion could not affect appellant to any greater extent than he would have been by permitting the correction of a misnomer of the plaintiff in a complaint which concededly designated him by the wrong name.

In *Woodward* v. *Wous* (1862), 18 Ind. 296, in the original complaint and summons, the plaintiff was designated as "John Wous." On motion, leave was granted to amend the complaint and summons by striking out "John" and sub-

stituting therefor "Joseph," in the name of the plaintiff. This court held that in the absence of a showing that John Wous and Joseph Wous were, in fact, different persons, there was no error in permitting the amendment.

The Marion Circuit Court did not err in sustaining the motion for leave to amend the complaint, etc., in this cause. There was some evidence to sustain the finding of the court. The record discloses no reversible error.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 98. See, also, 24 Cyc. 733. As to amendments to pleadings varying cause of action, see 34 Am. Dec. 158; 51 Am. St. 414.