MORGAN ET AL. *v.* SCHORNICK, RECEIVER.

[No. 25,898.   Filed June 28, 1934.   Rehearing denied
October 9, 1934.]

*M. B. Hottel,* for appellants.
*Montgomery & Montgomery,* for appellees.

HUGHES, C. J.—This is an action wherein the appellee obtained judgment against the appellants et al., as stockholders in the Crothersville State Bank for an

amount equal to the par value of the shares of stock held by each of them respectively.

In our judgment all questions presented in this case were decided correctly by the lower court and upon authority of the case of *Gaiser* v. *Buck* (1931), 203 Ind. 9, 179 N. E. 1, the judgment in the instant case is affirmed.

Judgment affirmed.

## ON PETITION FOR REHEARING.

HUGHES, C. J.—On petition for rehearing, the appellants insist that certain questions were presented which were not passed upon in the original opinion. Appellants concede, however, that the main question presented is the same as was presented and passed upon in the case of *Gaiser* v. *Buck* (1931), 203 Ind. 9, 179 N. E. 1, which was an action against the stockholders of a bank to recover from them the double liability imposed by §6, Article 11, Constitution of Indiana. Section 212, Burns 1926, and §13, Chapter 8, Acts of 1873, as amended by §1, Chapter 200, Acts of 1919, §3858, Burns 1926.

In the instant case, the action was originally filed by a creditor of the defunct bank, and an amended complaint was filed substituting a new party, to wit, the receiver of such bank. The appellants filed a motion to strike out the amended complaint which was overruled by the court. The appellants insist that this was error. We do not think so. Since the case of *Hubler* v. *Pullen* (1857), 9 Ind. 273, it has been decided many times by this court that such an amendment may be made. See *Burk* v. *Andis* (1884), 98 Ind. 59; *Pittsburgh Ry. Co.* v. *Martin* (1882), 82 Ind. 476; *Greenman* v. *Cohee* (1878), 61 Ind. 201; and §421, Burns 1926.

Appellants further insist that the question was not

decided in the *Gaiser* v. *Buck case, supra,* as to whether or not a receiver, under §4952, Burns 1926, may bring an action such as is presented in the instant case. Again we can not assent to this contention. In that case, p. 14, the court said: "Section 4952, Burns 1926, however, does not provide that the method of collection of stockholders' liability therein provided shall be exclusive, and it is proper for such a suit to be brought either by a creditor or by the receiver."

Section 4952, Burns 1926, provides in substance, that in all cases where the stockholders of any corporation becoming insolvent are by any law of this state made individually liable in any sum, in addition to their capital stock, a receiver or trustee may sue and collect the sums due. Section 6, Article 11, Constitution of Indiana, (§212, Burns 1926), is as follows: "The stockholders in every bank or banking company shall be individually responsible, to an amount, over and above their stock, equal to their respective shares of stock, for all debts or liabilities of said bank or banking company." Appellants insist that §4952, *supra,* is an attempt by the legislature to amend §212, *supra,* and hence is unconstitutional and void, and the right to bring such action remains in the creditor of such bank alone. We fail to see any sound reason for such a contention and we are of the opinion that said §4952, *supra,* is constitutional.

It is also contended by appellants that the action is barred because not brought within two years from date of insolvency of the bank. If the action was based upon §3858, Burns 1926, as contended for by appellants, then there would be reason for such contention, but the action, as we see it, was not based upon said section. We think that it is clearly shown by the complaint and special finding of facts

that the action was predicated and tried on the liability of stockholders as provided for in §6, Article 11, Constitution of Indiana, and, therefore, the two-year limitation as provided for in §3858, *supra,* does not apply.

Petition for rehearing denied.