RUMAS ET AL. *v*. FIRST CALUMET TRUST AND SAVINGS BANK OF EAST CHICAGO ET AL.

[No. 26,580. Filed October 20, 1936.]

*George P. Rose, L. Russell Newgent* and *E. Miles Norton,* for appellants.

*Riley, Reed, Murphy & McAtee,* for appellees.

FANSLER, J.—This is an appeal from an interlocutory order appointing a receiver for mortgaged property pending foreclosure and sale. In addition to the verified complaint, the court heard oral evidence on the subject of the necessity of the appointment.

The complaint alleges that the defendants (appellants) became indebted to the First Calumet Trust and Savings Bank; that the indebtedness was evidenced by certain bonds or notes, secured by a mortgage executed to the bank, the bonds being payable to bearer; that the plaintiffs, Walter J. Riley, Carl A. Westberg, and Walter O. Harmon, are the owners and holders of the bonds as a bondholders' protective committee; that the indebted-

ness secured by the mortgage is past due; that no one is looking after the buildings on the mortgaged premises and that they are in a bad state of repair, and are fast depreciating in value, and that the premises will not sell for sufficient to pay the mortgage debt. There was evidence to support these allegations sufficient to authorize the appointment of a receiver.

The only propositions brought forward to support the assignment of errors are:

(1) That the court erred in appointing Theodore F. Hein as receiver for the reason that he is an interested party because he was called as a witness as to the value and condition of the property. It appears that he was asked to examine the property so that he might testify as an expert, and that he testified. This is not sufficient to disqualify him because of interest. It is not shown that he has any interest in the controversy. No authority is cited to support appellants' contention upon this proposition.

(2) That the decision of the court is contrary to law because the action is not prosecuted by the real parties in interest. It is said that the evidence conclusively established the fact that neither of the plaintiffs has any interest in the notes and mortgage sued upon. But it appears from the verified complaint that they are the owners, and if evidence to the contrary were pointed out we would not weigh the conflicting evidence.

(3) That the evidence conclusively shows that the property in controversy was of a value exceeding the possible amount of recovery. But witnesses testified to the contrary, and that the property was rapidly depreciating and in a bad state of repair.

(4) That the complaint is insufficient to state a cause of action. But we are not concerned with the sufficiency

of the complaint as against a demurrer. It states sufficient facts to justify the appointment of a receiver. *Kist et al.* v. *Coughlin et al.* (1936), *post* 622, 1 N. E. (2d) 602.

(5) That the court had no jurisdiction of the subject-matter or of the parties. As to the subject-matter, it is suggested that the plaintiffs in the action have no beneficial interest, but the evidence is that they are the owners of the bonds. As to jurisdiction of the parties, it is said that there was no summons issued, but the record shows that the defendants appeared to the action, filed a motion to make the complaint more specific, and introduced evidence. This was sufficient to give the court jurisdiction of their person even though summons was not issued.

We find no errer.

Judgment affirmed.