SUN INSURANCE OFFICE, LTD. *v.* BUDRECK ET AL.

[No. 17,930.   Filed April 5, 1950.]

P. L. *O'Brien,* of Hammond, for appellant.

*Oscar C. Strom,* and *William S. Spangler,* both of Gary, for appellees.

MARTIN, P. J.—This is a subrogation action for damages arising out of an accident wherein appellees' truck

ran into a building, The First National Bank of Dyer, Indiana. The First National Bank of Dyer collected from the appellant under an insurance policy and the appellant acquired subrogation rights.

Suit was originally brought in the name of Sun Insurance Company, Inc. and summons issued thereon, September 29, 1944.

On October 16, 1944 the following entry was made in said cause: "Come now defendants Joseph Budreck and Frank Budreck and appear by their counsel, Oscar C. Strom and ask for ten days to plead."

Thereafter appellant asked the court for leave to correct plaintiff's name by making it read Sun Insurance Office, Ltd. Leave was granted by the court and on the same day, the second amended complaint was filed showing the Sun Insurance Office, Ltd. as the plaintiff. Appellees were ruled to plead in 15 days; later appellees appeared generally and requested an additional 5 days to plead, and subsequently filed their "Objections" to court's granting leave to appellant to correct its name, argued said "Objections," which "Objections" were overruled and appellees were ruled to answer in 15 days; appellees subsequently filed a motion to strike out parts of appellant's second amended complaint, which motion to strike out was argued and overruled and appellees ruled to answer in 30 days and the appellees subsequently attempted to appear specially and filed their plea in abatement questioning the court's jurisdiction over their persons; appellant filed a motion to strike out appellees' amended plea in abatement on the ground that appellees had appeared generally to appellant's second amended complaint and thereby waived any right that they might have had to question the jurisdiction of the court over their persons. Before the court ruled on the appellant's motion to strike out appellees' amended plea in abate-

ment the appellant filed a reply to the plea in abatement. Thereafter the court made the following entry:

"The court, being duly advised in the premises, overrules plaintiff's motion to strike defendants' plea in abatement, to which ruling plaintiff excepts.

"Said amended plea in abatement is submitted to the court for hearing and ruling and the court, after having heard arguments of counsel, a jury being waived, sustains defendants' plea in abatement as amended, to which ruling the plaintiff excepts.

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the court that this cause abate accordingly."

One of the assignment of errors in this case is that the court erred in overruling the appellant's motion for a new trial. One of the ground's stated in the motion for a new trial is as follows: That the decision of the court is contrary to law.

Appellant contends that appellees entered a general appearance on October 16, 1944 and after plaintiff's name was corrected to Sun Insurance Office, Ltd., appellees appeared generally. On this subject the record purports absolute verity.

In *Associated Truck Lines, Inc.* v. *Velthouse* (1949), 227 Ind. 139, 84 N. E. 2d 54 the court said:

"Section 2-803, Burns' 1946 Replacement [Acts 1881, (Spec. Sess.), Ch. 38, § 56, p. 240] among other things provides as follows:

" 'The summons shall be served, either personally on the defendant, or by leaving a copy thereof at his usual or last place of residence. An acknowledgment on the back of the process, *or the voluntary appearance of a defendant, is equivalent to service* ....' (Our italics.)

"Prior to enactment of this statute this court held 'the defendant's appearance to the action, by his at-

torneys, prevents him from making any objections relative to the process.' *Eldridge* v. *Folwell and Another* (1833), 3 Blackf. 207, 208; *Shirley* v. *Hagar* (1833), 3 Blackf. 225, 226; *Secrest and Another* v. *Arnett* (1840), 5 Blackf. 366. This rule has continued to prevail under the code. *Womack* v. *McAhren and Wife* (1857), 9 Ind. 6; *Bush* v. *Bush et al.* (1874), 46 Ind. 70, 83; *Slauter* v. *Hollowell* (1883), 90 Ind. 286, 287; *Kinser et al.* v. *Dewitt* (1893), 7 Ind. App. 597, 599, 34 N. E. 1014; *Jefferson Pk. R. Corp.* v. *Kelley, Glover & Vale* (1938), 105 Ind. App. 313, 320, 12 N. E. 2d 977; *American Mut. Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15, 19, 64 N. E. 525; *Crabb* v. *Orth* (1892), 133 Ind. 11, 12, 32 N. E. 711; *McCormack* v. *The First National Bank of Greensburgh et al.* (1876), 53 Ind. 466, 470; *Willman* v. *Willman et al.* (1877), 57 Ind. 500, 504; *Rumas* v. *First Calumet Trust & S. Bank* (1936), 210 Ind. 464, 467, 4 N. E. 2d 179; *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 480, 199 N. E. 560; *Bishop* v. *International Sugar Feed Co.* (1928), 87 Ind. App. 509, 510, 162 N. E. 71; 6 C. J. S., Appearances, §§ 13, 14, 15, 17, pp. 42, 44, 45, 47; 3 Am. Jur., Appearances, § 10, p. 787; *Harvey* v. *Rodger* (1924), 84 Ind. App. 409, 419, 143 N. E. 8. See also *The Commercial & Railroad Bank of Vicksburg* v. *Slocomb et al.* (1840), 14 Peters (U.S.) 60, 10 L. Ed. 354, 356.

"This court has also held that 'the appearance by an attorney, although unauthorized, is binding upon the party until set aside.' *Bush* v. *Bush, supra,* p. 83; *Floyd Co. Agricult'l. and Mech'l. Association* v. *Tompkins and Others* (1864), 23 Ind. 348, 352. See also 3 Am. Jur., Appearances, § 9, p. 787. 1 *Watson's Works Practice,* § 904, p. 616.

"A general appearance waives all defects in the process or its service. 1 *Watson's Works Practice,* § 905, p. 617. *Kirkpatrick, etc. Co.* v. *Central Electric Co.* (1903), 159 Ind. 639, 642, 65 N. E. 913."

The appearance of the attorneys for appellees, before noted, was made in open court; by these appearances—

general in form—appellant was prevented from taking a default or from proceeding further at the time and appellees were entitled to benefits of a plea in bar to be then or thereafter filed, to all rules of the court, to be heard on the merits and to take advantage of defects in the complaint. 6 C. J. S., Appearances, § 15, p. 46; 3 Am. Jur., Appearances, § 10, p. 787.

But the appellees could not thereafter question the court's jurisdiction of their person. After entering the aforenoted general appearances, a special appearance may not be entertained. *Slinkard* v. *Hunter, supra; Berry-Enright Lumber Co.* v. *Gardner* (1937), 104 Ind. App. 9, 11, 12, 7 N. E. 2d 523; *Eel River R. Co.* v. *State ex rel.* (1900), 155 Ind. 433, 440, 57 N. E. 388; *McKaig* v. *Jordan* (1909), 172 Ind. 84, 87, 87 N. E. 974; I Watson's Rev., *Works' Practice,* § 548, p. 405; *Estey et al.* v. *Barnes et al.* (1895), 14 Ind. App. 446, 451, 42 N. E. 1118; *Associated Truck Lines* v. *Velthouse, supra.*

In the instant case, the action was originally filed by Sun Insurance Company, Inc. and by leave of court the complaint was amended substituting a new party plaintiff, Sun Insurance Office, Ltd. Since the case of *Hubler* v. *Pullen* (1857), 9 Ind. 273, it has been decided many times by the court that such an amendment may be made. *Burk* v. *Andis et al.* (1884), 98 Ind. 59; *The Pittsburgh, Cincinnati and St. Louis Railway Company* v. *Martin* (1882), 82 Ind. 476; *Greenman* v. *Cohee* (1878), 61 Ind. 201; *Lake Erie and Western Railroad Co. et al.* v. *The Town of Boswell* (1893), 137 Ind. 336, 36 N. E. 1103; *Davis* v. *King* (1913), 180 Ind. 387, 103 N. E. 98; *Fargo & Co.* v. *Cutshaw* (1894), 12 Ind. App. 392, 39 N. E. 532; *Morgan* v. *Schornick, Rec.* (1934), 207 Ind. 225, 191

N. E. 141, 192 N. E. 259; § 2-1066, Burns' 1946 Replacement.

As to the jurisdiction of the parties, it is said that after the amendment substituting Sun Insurance Office, Ltd. there was no summons issued.

> "It is a broad general rule that the amendment of a complaint or declaration, with leave of court, does not require the service of a new summons on the original defendant who is already before the court, where the amendment does not set up any new cause of action or work any substantial change in the cause of action already alleged. Such defendant is already a party to the action, and in court. This rule applies both in actions at law and in suits in equity . . ." 42 Am. Jur., Process, § 30, p. 29.

The original complaint, the amended complaint and the second amended complaint, all set forth the same cause of action. The name of the appellant was changed. The appellees were not in anywise prejudiced by the amendment. The appellant was not required, after amendment of complaint with leave of court, to have new summons on the original defendants who were already before the court by general appearance.

In *Rumas* v. *First Calumet Trust & Savings Bank* (1936), 210 Ind. 464, 467, 4 N. E. 2d 179, the court said:

> ". . . As to jurisdiction of the parties, it is said that there was no summons issued, but the record shows that the defendants appeared to the action, filed a motion to make the complaint more specific, and introduced evidence. This was sufficient to give the court jurisdiction of their person even though summons was not issued."

Counsel for the appellees contend that there was no trial on the issues raised by the amended plea in

abatement, therefore a motion for a new trial is not proper and the overruling of said motion for a new trial presents no error.

There was a reply filed to the amended plea in abatement raising issues of fact.

Issues were formed on said amended plea in abatement and submitted to the court, and jury waived, a hearing had, and the court entered a judgment that the cause abate.

In *Zumpfe* v. *Piccadilly Realty Co.* (1938), 214 Ind. 282, 287, 13 N. E. 2d 715, 15 N. E. 2d 362, the court said:

"It is not necessary, to justify a motion for a new trial, that the issues be formed by a complaint and a demurrer, or by a complaint and answer. There has been a trial, in contemplation of the statute authorizing a new trial, when there has been 'a judicial examination of the issues, whether of law or of fact, in an action.' Sections 2-1901, 2-2401 Burns' 1933, §§ 324, 368 Baldwin's 1934."

In *General American Life Ins. Co.* v. *Carter* (1944), 222 Ind. 557, 560, 54 N. E. 2d 944, the court said:

"Answers in abatement raise issues of law or of fact just as such issues are raised by answers in bar. The plaintiff may demur to an answer in abatement, or reply. If the facts stated are sufficient and are denied, an issue of fact is raised."

All the material allegations of the amended plea in abatement were of facts which the court knew judicially from the record of said court, and which were not susceptible of proof otherwise than by reference to said record.

The court not having heard evidence, but having decided an issue of law or an issue of fact, it is quite obvious that the court drew upon his judicial knowledge of the record for the purpose of making the decision.

In contemplation of law there was therefore a trial of the issues of law or fact.

The proper way to save and present errors in a trial on issues formed on a plea in abatement is by filing a motion for a new trial. *State ex rel. Rose* v. *Wordon, Special Judge* (1939), 216 Ind. 83, 86, 23 N. E. 2d 264.

The decision of the court was contrary to law. The court erred in overruling the appellant's motion for a new trial.

Judgment is reversed with instructions to either sustain appellant's motion for a new trial on the amended plea in abatement, or, if it appears to the discretion of the court as being just and proper, to proceed as provided by Rule 1-8.

NOTE.—Reported in 91 N. E. 2d 364.